REQUESTED BY: Tanya D. Wendel, Executive Director Nebraska Commission for the Hearing Impaired
You have requested our opinion regarding whether sales of hearing aid batteries are exempt from Nebraska sales tax under the exemption for "durable medical equipment" under Neb. Rev. Stat. § 77-2704.09 (Cum. Supp. 1994). You indicate that you have been advised by the Nebraska Department of Revenue [the "Department"] that the Department interprets the exemption as applying only to the sale of hearing aids and batteries included at the time of sale; it considers the separate sale of hearing aid batteries as a taxable transaction not qualifying for exemption. As a general rule, we provide opinions to state officials or agencies only on questions relating to the exercise of their powers, duties, and responsibilities. In light of your representation that you have been contacted by various persons regarding the taxability of sales of hearing aid batteries, and the Commission's function to "[s]erve as an agency for the collection of information concerning the hearing impaired and for the dispensing of such information to interested persons. . ." [Neb. Rev. Stat. § 77-4728(7) [71-4728(7)] (Supp. 1995)], we will respond to your request.
Neb. Rev. Stat. § 77-2704.09 (Cum. Supp. 1994) provides, in pertinent part:
 (1) Sales and use taxes shall not be imposed on the gross receipts from the sale, lease, or rental and the storage, use, or other consumption in this state of insulin and the following when sold for a patient's use under a prescription written by a person licensed under Chapter 71, article 1, or sections 71-4701 to 71-4719: Prescription medicines; durable medical equipment; home medical supplies; prosthetic devices; orthotic devices; oxygen and oxygen equipment.
(2) For purposes of this section:
 (a) Durable medical equipment shall mean equipment which can withstand repeated use, is primarily and customarily used to serve a medical purpose, generally is not useful to a person in the absence of illness or injury, and is appropriate for use in the home; . . . .
Statutory language should generally be given its plain and ordinary meaning and where the words of the statute are plain, direct and unambiguous, no interpretation is necessary to ascertain their meaning. Sorensen v. Meyer, 220 Neb. 457,370 N.W.2d 173 (1985). "In the construction of a statute, no sentence, clause, or word should be rejected as meaningless or superfluous; rather, the plain and ordinary meaning of the language employed should be taken into account in order to determine the legislative will." Weiss v. Union Ins.Co., 202 Neb. 469, 473, 276 N.W.2d 88, 92 (1979). It is inappropriate to read a meaning into a statute which is not warranted by the legislative language. Anderson v.Autocrat Corp., 194 Neb. 278, 231 N.W.2d 560 (1975). Statutes conferring exemptions from taxation "are strictly construed, and their operation will not be extended by construction." Omaha Public Power Dist. v. Nebraska Dept.of Revenue, 248 Neb. 518, 519, 531 N.W.2d 312, 314 (1995). The interpretation of a statute by the administrative agency to which it is directed is entitled to weight. Vulcraft v.Karnes, 229 Neb. 676, 428 N.W.2d 505 (1988).
The Department has adopted a regulation interpreting the exemption from sales or use tax for medicines and medical equipment. Neb. Dept. of Revenue Reg. 1-050. The regulation specifically provides that, while the sale of hearing aids with a prescription is exempt, "[t]he sale of hearing aid batteries is taxable." Reg. 1-050.06. We believe the Department's interpretation of the scope of the exemption is consistent with the language of the statute. As you note in your letter, §77-2704.09 was amended in 1994 to exempt durable medical equipment when sold for a patient's use under a prescription written by a person licensed under "sections 71-4701 to 71-4719". 1994 Neb. Laws, LB 901, § 5. Sections 71-4701 to 71-4719, in turn, pertain to the licensing and regulation of persons engaged in the sale or of practice of fitting hearing aids. Neb. Rev. Stat. §§ 71-4701 to -4719 (1990 and Cum. Supp. 1994). Prior to the adoption of LB 944, only devices prescribed by persons licensed under Chapter 71, article 1 (physicians or audiologists) qualified for exemption. Thus, the 1994 amendment to §77-2704.09 expanded the exemption to include hearing aids sold by licensed hearing aid instrument dispensers and fitters.
We agree with the Department's interpretation of the exemption as applying only to the sale of hearing aids (and batteries included as part of the sale) with a prescription written by a physician, audiologist, or persons licensed under §§ 71-4701 to -4719. In our view, the Department is correct in ruling that sales of replacement batteries for hearing aids do not qualify for exemption under § 77-2704.09. The language employed by the Legislature provides only for exemption of sales of the hearing aids themselves as durable medical equipment; subsequent purchases of replacement batteries do not fall within the scope of the statutory language employed by the Legislature in subsection (1) of § 77-2704.09.[1] Construing the exemption narrowly, as we must, and giving due weight to Department's construction of its scope, we cannot say that the Department's interpretation is incorrect.
In sum, we conclude that the Department has properly interpreted the scope of the exemption from sales tax for medicines and medical equipment under § 77-2704.09 to exclude sales of replacement batteries for hearing aids.
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
APPROVED BY:
Don Stenberg
[1] Indeed, it is our understanding that many batteries used for hearing aids may also be used to power non-medical devices, such as calculators. Thus, the batteries would also not constitute "durable medical equipment", as that term is defined to mean equipment that "is primarily and customarily used to serve a medical purpose" and "generally is not useful to a person in the absence of illness or injury. . . ." Neb. Rev. Stat. § 77-2704.09(2)(a) (Cum. Supp. 1994).