REQUESTED BY: Senator Owen Elmer Nebraska State Legislature
You have requested our opinion concerning the scope of the exemption from sales and use tax for "[agricultural chemicals for use in agriculture" provided in Neb. Rev. Stat. §77-2702.13(2)(b)(iv) (Supp. 1995). You indicate that the Nebraska Department of Revenue has taken the position that the exemption does not apply to certain substances or products which are added to agricultural chemicals to enhance their performance or aid in their application. Specifically, you state that the Department views certain additives, such as adjuvants, soil conditioners, and foam markers used for application purposes, as falling outside the scope of the exemption. You indicate that, depending on our interpretation of the scope of the exemption, you are contemplating the introduction of legislation addressing this issue.
Nebraska imposes "a tax . . . upon the gross receipts from all sales of tangible personal property sold at retail in this state, . . . ." Neb. Rev. Stat. § 77-2703(1) (Supp. 1995). A corresponding "use" tax is imposed pursuant to subsection (2) of § 77-2703, which imposes a tax
 on the storage, use, or other consumption in this state of tangible personal property purchased, leased, or rented from any retailer and on any transaction the gross receipts of which are subject to tax under subsection (1) of this section on or after June 1, 1967, for storage, use, or other consumption in this state at the rate specified in subsection (1) of this section on the sales price of the property, or, in the case of leases or rentals, of the lease or rental price.
Neb. Rev. Stat. § 77-2702.13 (Supp. 1995), which defines "retail sale" or "sale at retail" for sales and use tax purposes, provides that these terms do not include the sale of "[a]gricultural chemicals for use in agriculture and applied to land or crops." Neb. Rev. Stat. § 77-2702.13(2)(b)(iv). "Agricultural chemicals shall not mean chemicals applied to harvested grains stored in commercial elevators; . . . ." Id.
In addressing the proper construction of the exemption for "agricultural chemicals" in § 77-2702.13(2)(b)(iv), certain basic rules of statutory construction must be considered. Statutory language should generally be given its plain and ordinary meaning and where the words of the statute are plain, direct and unambiguous, no interpretation is necessary to ascertain their meaning. Sorensen v. Meyer, 220 Neb. 457,370 N.W.2d 173 (1985). "In the construction of a statute, no sentence, clause, or word should be rejected as meaningless or superfluous; rather, the plain and ordinary meaning of the language employed should be taken into account in order to determine the legislative will." Weiss v. Union Ins. Co.,202 Neb. 469, 473, 276 N.W.2d 88, 92 (1979). It is inappropriate to read a meaning into a statute which is not warranted by the legislative language. Anderson v. Autocrat Corp., 194 Neb. 278,231 N.W.2d 560 (1975). Statutes conferring exemptions from taxation "are strictly construed, and their operation will not be extended by construction." Omaha Public Power Dist. v. NebraskaDept. of Revenue, 248 Neb. 518, 519, 537 N.W.2d 312, 314 (1995).
It is also important to bear in mind that the interpretation of a statute by the administrative agency to which it is directed is entitled to weight. Vulcraft v. Karnes, 229 Neb. 676,428 N.W.2d 505 (1988). "Although construction of a statute by a department charged with enforcing it is not controlling, considerable weight will be given to such a construction, particularly when the Legislature has failed to take any action to change such an interpretation." McCaul v. American SavingsCo., 213 Neb. 831, 846, 331 N.W.2d 795, 798 (1983).
The Department of Revenue has promulgated a regulation interpreting the exemption for "agricultural chemicals" in §77-2702.13(2)(b)(iv). Sales and Use Tax Reg-1-061 provides, in part, as follows:
 061.01 Agricultural chemicals to be applied to land or crops in commercial agriculture are exempt.
 061.01A "Agricultural chemicals" as used in this regulation includes fertilizers, minerals, insecticides, fungicides, rodenticides, herbicides, defoliants, soil fumigants, plant growth regulating chemicals, plant desiccants, seed inoculants and plant hormones. Agricultural chemicals does not include detergents, wetting agents, or soil conditioners intended to assist in the application or effectiveness of agricultural chemicals.
(emphasis added).
In addition to Reg-1-061, the Department, in 1976, issued a Revenue Ruling addressing whether wetting agents and carriers for agricultural chemicals were exempt from sales or use tax. The Department opined that "[w]etting agents and carriers simplify the application of an agricultural chemical, but do not by themselves have the effect of the agricultural chemical. Consequently, the purchase of wetting agents and carriers is not exempt from sales and use tax as an agricultural chemical." Nebraska Dept. of Revenue Ruling 1-76-4 (June 22, 1976).
Thus, the Department of Revenue's interpretation of the exemption for "agricultural chemicals" is that the exemption does not apply to various substances or products which, while used in connection with agricultural chemicals, are utilized to assist in the application or effectiveness of the chemicals. This interpretation, as noted, is entitled to weight in determining the proper construction of the exemption, as is consistent with the rule that exemptions from taxation are to be narrowly construed. Moreover, the Department has interpreted the exemption in this manner for many years, and the Legislature has not acted to change this interpretation. Accordingly, we cannot say that the Department's interpretation is unreasonable.[1] Should you disagree with this construction, you may wish to introduce legislation amending the statute to broaden the scope of the exemption.
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
APPROVED BY:
Don Stenberg
DON STENBERG, Attorney General
[1] In your letter, you state that the Department has taken the position that liming materials are not exempt as "agricultural chemicals." The Department has advised us that lime, as a mineral, is exempt from sales and use tax if purchased to be applied to land or crops in commercial agriculture. As the exemption is dependent upon the purchaser's intended use of the lime, sellers are required to collect sales tax on retail sales of lime unless the purchaser issues to the seller a properly completed Nebraska Resale or Exempt Sale Certificate, Form 13. Sales of detergents, wetting agents, or other similar soil conditioners intended to assist in the application or effectiveness of agricultural chemicals, however, are not exempt from sales and use tax.