COUNTY OF SARPY, APPELLEE, V. EDWARD C. WRIGHT ET AL., APPELLEES,. EMIL A. FRICKE, APPELLANT.

19 N. W. 2d 146

FILED JUNE 1, 1945. No. 31910.

*J. E. Strawn,* for appellant.

*Guy E. Tate,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an appeal from an order denying the motion of Emil A. Fricke, appellant, for a revivor of the action against the heirs of Emil Schauland, deceased.

This controversy arose out of a tax foreclosure suit brought by Sarpy county to enforce collection of delinquent taxes levied against the property here involved and other properties similarly situated. The record shows that Emil Schauland was the owner of Lots 7 and 8, Block 8, South Papillion, against which the sum of $1,645.82 of delinquent taxes and court costs had accumulated. On June 12, 1941, the lots were sold under a decree of foreclosure entered by the district court for Sarpy county to Emil A. Fricke for $600. Fricke also purchased Lots 5 and 6, Block 8, South Papillion, for $15 each, making a total of $630 bid for the four lots. Pursuant to the requirements of the sheriff in conducting this sale, Fricke deposited his check for $315, 50 per cent of the amount bid, with the sheriff. On June 13, 1941, the day following the sale, Emil Schauland, the owner of the property, paid $600.40 to the clerk of the district court for the purpose of redeeming Lots 7 and 8. On June 18, 1941, the county, through its attorney, moved to confirm the sales of all properties sold, except Lots 7 and 8, and the sales of all except the two lots thus excluded were confirmed. It is evident that Lots 7 and 8 were excluded on the theory that a redemption as to them had been made.

On July 20, 1943, more than two years later, Fricke delivered his check for $600.40 to the sheriff of Sarpy county and filed an application for a confirmation of the sale of the property to him, and for a deed thereto, on the theory that a proper redemption of the property had not been had in that Schauland had paid in only the amount of the bid with interest and costs instead of the full amount of the taxes found to be due in the decree of foreclosure. Notice of this application was served on Schauland on August 12, 1943. On August 30, 1943, the death of Emil Schauland was suggested. On October 29, 1943, Fricke moved to revive the action and caused a conditional order of revivor to be is-

sued. Objections were filed to the application for a revivor. Upon a trial, the court denied a revivor of the action in the name of the heirs, and Fricke appeals.

We have repeatedly held that a purchaser at a judicial sale becomes a party to the action and is concluded by the orders of the court entered therein. The purchaser, Emil A. Fricke, therefore, became a party to the proceedings when he became the successful bidder at the sale. *Travelers Ins. Co. v. Thompson,* 140 Neb. 109, 299 N. W. 329; *Madison County v. Crippen,* 143 Neb. 474, 10 N. W. 2d 260.

A redemption by the owner of real estate being foreclosed under section 77-2040, Comp. St. 1929, is required to be made in accordance with section 20-1530, Comp. St. 1929, which requires that the person entitled to redeem shall pay the amount of the decree, interest and costs, and, if sold to a person not a party to the suit, the person redeeming must pay in addition thereto interest at 12 per cent per annum on the amount of the purchase price from the date of sale to the date of redemption. *Knox County v. Perry,* 142 Neb. 678, 7 N. W. 2d 475; *Madison County v. Crippen, supra.* It is urged that this holding relates to a matter of practice and can have no application to a case arising previous to the announcement of the rule. There is no merit in this argument. The interpretation of the statutes announced in the foregoing cases is the meaning contained in them from their inception and must be so considered in the determination of all matters affected by them. It is evident, therefore, that the purported redemption made by Schauland was not in conformity with the applicable sections of the statute under which this tax foreclosure was had.

The record shows, however, that Schauland paid in the amount of Fricke's bid for the purpose of redeeming the property from the tax foreclosure proceedings on the day following the sale. No objection was ever filed by Fricke to the application of Schauland to redeem. Fricke, by placing the highest bid, became a party to the suit and is concluded by any orders made. His payment of $300 on Lots 7 and 8 was returned to him on July 22, 1941, on which date he

made full payment on his purchase of Lots 5 and 6. He retained the check and acquiesced in the purported redemption of which he was charged with notice. For two years he made no effort to assert any rights he may have had because of the purported redemption. By receiving back the amount he paid as the successful bidder, and retaining it for more than a reasonable period of time, Fricke will be deemed to have voluntarily accepted the redemption money paid in by the owner and to have recognized the redemption as valid irrespective of whether it was in fact proper. Under such circumstances, the bidder is estopped to assert the invalidity of the redemption, or to claim any rights based on his bid at the foreclosure sale. Consequently, the motion of Fricke to have the sale confirmed and a deed issued to him shows on the face of the proceedings that he is entitled to no relief at the hands of a court of equity.

The question then arises whether the trial court erred in not reviving the action in the name of the heirs of Emil Schauland, deceased. Ordinarily, the proper procedure, under the circumstances such as we have here, is to grant the revivor without regard to the merits of the action. In view of the conclusion we have reached that the appellant is shown to have no rights which he can enforce in this proceeding, the failure of the trial court to revive this action is not prejudicially erroneous. Nothing could be gained by reversing the judgment and ordering the trial court to revive the action when the record shows as a matter of law that appellant is entitled to no relief.

For the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.