WALTER W. GOUGER ET AL., APPELLANTS, v. COUNTY OF SARPY, APPELLEE.

36 N. W. 2d 775

Filed April 14, 1949.   No. 32559.

*Fischer, Fischer & Fischer,* for appellants.

*Orville Entenman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Walter W. Gouger and Mary Jean Gouger brought this action in the district court for Sarpy County against the County of Sarpy. The purpose of the action is to quiet their title in and to Lots 5 and 6, Block 130, in the City of Bellevue, Sarpy County, Nebraska, together with the vacated streets and alleys adjoining, as against certain tax liens in favor of the county of Sarpy. The trial court

dismissed plaintiffs' petition and found in favor of the defendant for the amount of its tax liens, applying the amount paid for redemption of the bids as part payment thereon. Their motion for new trial having been over-ruled, plaintiffs appeal.

The facts are not in dispute. On July 1, 1938, tax sale certificates on these lots covering taxes for the years of 1925 to 1936, inclusive, were issued to appellee. Thereafter, and more than two years after they had been issued, a foreclosure action was brought in the district court for Sarpy County on these and other tax sale certificates held by appellee. This action was filed on December 10, 1940, and included 84 causes. Causes of action Nos. 82 and 83 relate to the properties herein involved.

On February 28, 1941, decree was entered therein which found that in cause of action No. 82 the county of Sarpy had a first lien on Lot 5 in the sum of $358.47 plus interest and costs and in cause of action No. 83 it had a first lien on Lot 6 in the sum of $1,160.19 plus interest and costs. Pursuant to the provisions of the decree the sheriff of Sarpy County offered these, and other premises therein foreclosed, at public sale and, on May 24, 1941, sold Lot 5 to Pauline F. Friedman for $57 and Lot 6 to the same bidder for $300. The sheriff, on May 28, 1941, made his return to that effect.

Thereafter, on June 3, 1941, C. J. Southard tendered into court the sum of $359.02, representing the bids received on these lots, plus interest at 12 percent. He requested that he be permitted to redeem the properties.

The foreclosure of these properties was conducted pursuant to section 77-2040, Comp. St. 1929, and the attempted redemption for the amount of the bid was not on the proper basis. See County of Sarpy v. Wright, 146 Neb. 193, 19 N. W. 2d 146, wherein we said: "A redemption by the owner of real estate being foreclosed under section 77-2040, Comp. St. 1929, is required to be made in accordance with section 20-1530, Comp. St. 1929, which

requires that the person entitled to redeem shall pay the amount of the decree, interest and costs, and, if sold to a person not a party to the suit, the person redeeming must pay in addition thereto interest at 12 per cent per annum on the amount of the purchase price from the date of sale to the date of redemption. Knox County v. Perry, 142 Neb. 678, 7 N. W. 2d 475; Madison County v. Crippen, *supra.*"

On June 3, 1941, the sales had in the different causes of action, as shown by the sheriff's return, came up for confirmation. In the decree the court made the following finding as to causes of action Nos. 82 and 83: "Redemption having been made by owners of the following described lots, to-wit:

| Cause of Action | Description | | Purchaser | Bid |
|---|---|---|---|---|
| * * * | (Lot) | (Block) | | |
| 82nd | " 5 | " 130 | Pauline F. Friedman | 57.00 |
| 83rd | " 6 | " 130 | " " | 300.00 |

and the full purchase price having been paid by the owners of this property to the Sheriff, the sale of same is not confirmed."

Although the court, in its decree relating to confirmation of sales had in various of the causes of action in the tax foreclosure proceeding, made the finding hereinbefore set out it did not make any order or judgment with reference to these causes of action which relate to the property herein involved. In the absence thereof there has been no adjudication of the issues of redemption or confirmation.

As stated in Brounty v. Daniels, 23 Neb. 162, 36 N. W. 463: "A finding of fact is not a judgment."

A finding is not conclusive on the parties in a subsequent suit unless a judgment is entered thereon or it is incorporated into or covered by a judgment. 50 C. J. S., Judgments, § 697, p. 153; 30 Am. Jur., Judgments, § 196, p. 938; 1 Van Fleet, Former Adjudications, § 27, p. 119.

For the reasons stated we find the judgment of the trial court correct and it is affirmed.

AFFIRMED.