STATE OF NEBRASKA, APPELLEE, V. GEORGE H. WILLIAMS, ALSO KNOWN AS BILL KNIGHT, APPELLANT.

233 N. W. 2d 772

Filed October 9, 1975. No. 39827.

George H. Williams, pro se.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

NEWTON, J.

The defendant entered a plea of guilty to two counts of forgery and on November 3, 1972, was placed on probation. No appeal was taken from that sentence. On March 6, 1974, the order of probation was revoked following further criminal activities and the defendant

was sentenced to two concurrent terms of 6 to 18 years. He appeals and assigns as error the involuntariness of his original guilty plea and the illegality of the sentence due to the court having considered offenses committed subsequent to the entry of the order of probation. We affirm the judgment of the District Court.

Section 25-1912, R. R. S. 1943, requires that an appeal from a final order be taken within 1 month. An order placing a defendant on probation is a final and appealable order. See State v. Longmore, 178 Neb. 509, 134 N. W. 2d 66. No appeal having been taken from the order of probation, the question of the voluntariness of the original guilty pleas cannot be considered.

Defendant asserts that he should have received his sentences immediately following his conviction on the forgery charges and that thereafter the sentences should have been suspended and probation granted. This procedure may be proper in some jurisdictions but does not conform with the Nebraska law. An order by a District Court purporting to suspend a sentence legally pronounced in a criminal action for the purpose of placing a defendant on probation is a nullity. See, Moore v. State, 125 Neb. 565, 251 N. W. 117; State v. Carpenter, 186 Neb. 605, 185 N. W. 2d 663.

Section 29-2268, R. S. Supp., 1974, provides: "(1) If the court finds that the probationer did violate a condition of his probation, it may revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which he was convicted." The sentences were such as might have been imposed at the time of defendant's conviction and are in full compliance with the law. Section 29-2261, R. S. Supp., 1974, contemplates that when imposing sentence a judge should consider, among other things, the offender's history of delinquency or criminality. Offenses committed while on probation are a part of such a history. "In passing sentence, it is proper for the trial court to take into consideration other offenses that have

been committed by the accused." State v. Welton, 190 Neb. 600, 210 N. W. 2d 925.

The judgment of the District Court is affirmed.

AFFIRMED.