STATE OF NEBRASKA, APPELLEE, v. HOWARD LEVERN SNIDER, APPELLANT.

248 N. W. 2d 342

Filed January 5, 1977. No. 40582.

Joseph A. Shaughnessy, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal from an order revoking a term of probation which had been imposed upon the defendant after he entered a plea of guilty to a charge of killing

a steer contrary to the provisions of section 28-550, R. R. S. 1943. Upon revocation the defendant was sentenced to a term of 1 to 2 years in the Nebraska Penal and Correctional Complex with credit being given for time spent in the county jail awaiting hearing.

On this appeal he makes the following assignments of error: (1) The court, previous to sentencing, failed to consider a presentence report as required by section 29-2261, R. R. S. 1943. (2) The court erred in modifying the sentence after it had been imposed. (3) The probation should not have been revoked because the probation officer charged with supervising the defendant did not properly perform his duties. We affirm as modified.

Section 29-2261, R. R. S. 1943, provides in part: "(1) Unless it is impractical to do so, when an offender has been convicted of a felony, the court shall not impose sentence without first ordering a presentence investigation of the offender and according due consideration to a written report of such investigation." The record shows: The violation of section 28-550, R. R. S. 1943, occurred in January 1975. The sentence of probation was imposed on March 28, 1975, and was preceded by a probable cause hearing before an impartial magistrate. Previous to imposition of the probation sentence, a presentence investigation was made and a written report thereof was considered by the court before the order was entered. In July of 1975 the defendant entered a plea of guilty to violation of the probation order. The court ordered a supplemental presentence investigation, received and considered it, and then entered an order continuing the probation. On December 5, 1975, the defendant was again (after a probable cause hearing before an impartial magistrate) before the District Court for violation of the order of probation. The charge of probation violation in this instance arose from a conviction in the county court for assault and battery. Before imposing the sen-

tence now before us, the court inquired of the probation officer whether a supplemental presentence investigation was indicated, the court already having again considered the two previous reports. The probation officer informed the court that he thought none was required as the defendant had been in jail for 3 of the 4 months since the supplemental report and there was nothing to report which was not known to the court by virtue of the transcript of the assault and battery charge which had been received in evidence. The court then made a finding that a presentence investigation was impractical and imposed sentence.

It is to be noted that section 29-2261, R. R. S. 1943, does not by its literal terms require a multiple presentence investigation in situations such as is before us. We hold that whether successive presentence investigations are necessary before the revocation of an order of probation is entered rests in the sound discretion of the sentencing judge.

The second assignment of error grows out of the following circumstances. Immediately after the court imposed the sentence the defendant left the courtroom and slammed the door behind him "almost breaking the glass." The sentencing judge then immediately ordered the defendant brought back into the courtroom, informed him that he was a "most unruly prisoner," and resentenced him to a term of 1 to 2 years without credit for the jail time which had been allowed in the previously announced sentence. It is to be noted that the change in this instance was not the clarification of an ambiguity or correction of a prior misstatement in announcing sentence. The rule is that a sentence validly imposed takes effect from the time it is pronounced and that a subsequent sentence fixing a different term is a nullity. State v. Brewer, 190 Neb. 667, 212 N. W. 2d 90. The modification of sentence after its imposition in this case was a nullity. The original sentence is reinstated. The question of whether the defendant's conduct above

described may have constituted contempt is not before us as it is clear that the court did not proceed to punish for contempt.

The defendant's third assignment is singularly unmeritorious. It is founded on the theory that the probation officer did not properly supervise the defendant because he did not require written reports from the defendant and did not make a direction to the defendant as to where he should live, both required by the terms of the order of probation. During 3 of the 4 months in question the defendant was serving a sentence in the county jail. Even if we were to assume that the foregoing showed a neglect of duty by the probation officer, it would scarcely require that probation be continued.

AFFIRMED AS MODIFIED.