STATE OF NEBRASKA, APPELLEE, V.
ROBERT COUSINS, APPELLANT.

302 N.W.2d 731

Filed March 6, 1981. No. 43483.

Scott P. Helvie, Sean J. Brennan, and Shelley K. Stall, Public Defenders of Lincoln County, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This case involves the single question of whether a District Court is permitted to amend a valid sentence. The defendant was charged with and found guilty of violating Neb. Rev. Stat. § 28-912(1) and (5) (Reissue 1979), escaping while under arrest for a felony.

In passing sentence, the trial judge said as follows: "This sentence then shall be to the Nebraska Penal and Correctional Complex for a period of one year to eighteen months to be served consecutive to the one I sentenced him on this morning [Lincoln County District Court Case No. 77-48] and *concurrently* to the one Judge Stuart sentenced, [Lincoln County District Court Case No. 79-12] with no credit for jail time." (Emphasis supplied.) Approximately 6 minutes later, the court ordered the parties to return to the courtroom. "THE COURT: Let the record show I called the parties back and announced I am not changing any sentence but I am correcting a statement from the Bench. I did not mean this would be concurrent to the sentence imposed by Judge Stuart [Lincoln County District Court Case No. 79-12]. I mean this would be consecutive. I did not want to give this defendant the same amount because of a different history, but it is a second offense. I should have said consecutive to the one imposed by Judge Stuart."

The trial court's attempt to correct the inadvertent use of the word "concurrent," when he meant "consecutive," is ineffective. "The rule is that a sentence validly imposed takes effect from the time it is pronounced and that a subsequent sentence fixing a different term is a nullity." *State v. Snider*, 197 Neb. 317, 319, 248 N.W.2d 342, 343 (1977); *State v. Brewer*, 190 Neb. 667, 212 N.W. 2d 90 (1973). The sentence was valid. The crime of escape while under arrest is a Class III felony, and the following penalties are authorized: maximum 20 years' imprisonment or $25,000 fine, or both; minimum, 1 year's imprisonment. The State argues here that since the pronouncement of the word "concurrent" was inadvertent, the court is permitted to amend this sentence under the authority of *State v. Brewer, supra*, and *State v. Snider, supra*. In *Snider*, the court stated that the attempted change of sentence in that case was not "the clarification of an ambiguity or correction of a prior misstatement" and was, therefore, a nullity. *Id*. at 319, 248 N.W.2d at 343.

However, to begin questioning whether a valid sentence has been pronounced inadvertently would involve this court in a morass. We would be called upon to read the mind of the sentencing judge in any circumstance in which a valid sentence had been pronounced and later amended due to the judge's proclaimed inadvertence. We think that would not be the better rule, nor would it be in keeping with the spirit of our previous cases. Therefore, to the extent that *State v. Snider, supra*, might indicate that the mere inadvertence in pronouncing a valid sentence would justify the court in pronouncing another sentence, it is overruled. The revised judgment of the District Court is reversed.

REVERSED.