STATE OF NEBRASKA, APPELLEE, V.
VIRGIL E. SLIVA, APPELLANT.

305 N.W.2d 10

Filed April 24, 1981. No. 43665.

R. Steven Geshell of Robak & Geshell for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Virgil E. Sliva (Sliva), appeals from an order originally entered by the county court of Polk County, Nebraska, and subsequently affirmed by the District Court for Polk County, Nebraska. For reasons more particularly set out hereinafter, the appeal is dismissed as being untimely.

The record discloses that Sliva was originally charged in the county court of Polk County, Nebraska, under a two-count complaint. Count I charged that on or about the 24th day of November 1979, in the County of Polk, Nebraska, Sliva operated or had in his physical control a motor vehicle while under the influence of alcoholic liquor, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1978). Count II of the complaint charged that Sliva had previously been convicted of driving while under the influence of alcoholic liquor on February 13, 1970, and that this, therefore, was his second offense.

At the hearing held on December 20, 1979, Sliva appeared with his attorney, Cleo F. Robak, and

entered a plea of guilty to the charge. He thereafter reappeared before the county court of Polk County, Nebraska, on February 22, 1980, at which time the court, having previously accepted his plea of guilty, sentenced Sliva to serve a sentence of 10 days in the county jail, pay a fine of $500, and have his driver's license revoked for 1 year, during which time he was ordered not to drive. After the sentence was imposed, the court announced that the matter was adjourned.

The record then reflects that sometime later the same day the parties again appeared before the county judge and asked that the sentence be vacated because apparently Sliva, through inadvertence or mistake, did not understand an option that was offered to him by the trial court and which was rejected by him. The offer had to do with his drinking and required him to submit himself to evaluation by the Eppley Center in Omaha, Nebraska. The court acceded to the request of Sliva and set the sentence aside, although the plea of guilty remained.

The record then reflects that on April 25, 1980, Sliva and his attorney, R. Steven Geshell, a partner of Mr. Robak, appeared before the county court of Polk County, Nebraska. At this time the court again sentenced Sliva to pay a fine, serve a jail sentence, and have his license and driving privileges revoked for 1 year. Notice of appeal was filed on April 30, 1980, an appeal bond having already been filed on April 25, 1980. The difficulty with all of this, however, is that the sentence which was originally imposed on February 22, 1980, was a final judgment and one which the trial court was not at liberty to vacate. We recently held in the case of *State v. Cousins, ante* p. 245, 247, 302 N.W.2d 731, 732 (1981): "'The rule is that a sentence validly imposed takes effect from the time it is pronounced and that a subsequent sentence fixing a different term is a nullity.'" The rule is not new, having previously been declared by this court in *State v. Snider,* 197 Neb. 317, 248 N.W.2d 342 (1977).

Furthermore, in *State v. Williams*, 194 Neb. 483, 484, 233 N.W.2d 772, 773 (1975), we held: "An order by a District Court purporting to suspend a sentence legally pronounced in a criminal action for the purpose of placing a defendant on probation is a nullity." We perceive of no rule or reason which would distinguish a sentence imposed by a District Court from one imposed by a county court. It must be kept in mind that the court did not grant a new trial for errors occurring at trial, but merely vacated a valid sentence. Sliva was required to perfect his appeal from the county court to the District Court within 10 days from the rendition of the judgment on February 22, 1980. Neb. Rev. Stat. § 24-542 (Reissue 1979). Having failed to do so, his appeal to the District Court was untimely and the District Court was without jurisdiction to review the matter. See *Edward Frank Rozman Co. v. Keillor*, 195 Neb. 587, 239 N.W.2d 779 (1976). The judgment imposed by the county court on February 22, 1980, must, therefore, be reinstated in all respects, including the payment of the fine of $500.

APPEAL DISMISSED.