STATE OF NEBRASKA, APPELLEE, V. GEROLD D. CHRISTIANSEN, APPELLANT.
351 N.W.2d 67

Filed June 22, 1984. No. 83-800.

Joseph J. Vance, for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

PER CURIAM.

In his sole assignment of error defendant-appellant, Gerold D. Christiansen, challenges the sufficiency of the evidence to support his conviction of third offense drunk driving. While we reject that assignment and affirm the conviction, we must, on the basis of plain error not assigned, vacate the sen-

tence and reverse and remand the cause for further proceedings.

In the early morning hours of February 13, 1983, an Omaha police officer was driving his cruiser southbound on Interstate 480 approaching the Leavenworth Street freeway entrance ramp. The officer noticed a vehicle on the ramp entering the freeway, the driver apply the brakes upon entering the traffic flow, proceed for a half block in the right-hand lane, and then, without signaling its intention, swerve into the center lane, nearly colliding with the officer. The officer turned on his overhead lights to stop the vehicle, and as the vehicle was being stopped, watched a woman climb from the rear seat and take the driver's position in the car.

Christiansen, whom the police officer testified he saw operating the vehicle at the time of the near collision, was given field sobriety tests and transported to the police station, where a breath test revealed a .197 percent alcohol content.

Christiansen was charged with negligent driving, "fourth" offense driving while intoxicated, and improper display of plates. During a bench trial before a judge of the Omaha Municipal Court, Christiansen and the three other persons riding in his vehicle testified that he was not driving the vehicle at any time during the encounter with the police officer.

The municipal court judge found Christiansen guilty of driving while intoxicated, and also found that he had been convicted on at least two prior occasions of drunk driving when represented by counsel.

Christiansen attacks the sufficiency of the evidence with the lone contention that his testimony and that of the three passengers in the automobile, that he was not driving the vehicle when it nearly collided with the police officer, created a reasonable doubt as to his guilt. The three persons testifying were his wife, his niece, and the niece's husband.

The police officer specifically testified that Christiansen was operating the vehicle and that he saw Christiansen's niece climb from the back seat and place herself behind the steering wheel.

In determining the sufficiency of evidence to sustain a criminal conviction, this court does not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, and a verdict rendered thereon must be sustained if, taking the view of such evidence most favorable to the State, there is sufficient evidence to support it.

*State v. Miner*, 216 Neb. 309, 313, 343 N.W.2d 899, 902 (1984).

Taking the view of the evidence most favorable to the State, there is sufficient evidence to support the trial court's finding that Christiansen was operating the motor vehicle.

We now move on to the matter of plain error, which we can, at our option, note. Neb. Rev. Stat. § 25-1919 (Reissue 1979); *State v. Ellis*, 216 Neb. 699, 345 N.W.2d 323 (1984); Neb. Ct. R. 9D(1)d (Rev. 1983).

At the sentencing hearing the following dialogue took place:

[Judge]:

All right. This is a third conviction, Mr. Christiansen, and they, obviously, proposed, the Probation Office, are very extensive, the conditions of probation. And they are outlined in this order. You understand, as I told you, when you appeared before the Court originally, that you were facing a mandatory 90 days in the County Jail, and a $500.00 fine, and a lifetime suspension of your driving privilege. You had a lot of chances. You keep coming back, Gerald [sic], but my understanding is that the Probation Officer, Mr. Cassler, in this case, feels that you do have the possibility,

and hopefully, the attitude to comply with the probation and do what you are supposed to. This is your last shot, you understand that. If you don't follow this, the Court will not hesitate to violate you, and take your license, and I can put you in jail for six months, you understand that. So, this is your break, and I realize, you know, it's not easy, but you are going to have to go through all these restrictions and follow them to the letter. In the long run, Gerald [sic], it's a penalty to you, but it's for your benefit, but if you can try to get this whipped because if you don't, eventually you are going to kill someone. And then you are going to end up in the penitentiary, or you are going to kill yourself. You understand that, don't you?

Mr. Christiansen:

Yeah, I do.

[Judge]:

All right. Well, as I said, the conditions required by law, you have to serve mandatory seven days in County Jail. And what we've done, is, the Defendant is sentenced to 90 days in the Douglas County Jail, to be served 30 days to be served at the time of sentencing, which is now. You will have to serve the 30, and the 60 days will be on a show cause basis, to handle your probation and do what you are supposed to be doing. Then, that will take care of that, and your driving privilege, of course, as required by law, is suspended for at least one year, and you are going to be placed on probation for a period of three years. Now, if you agree to those conditions, you should sign it at the bottom where it says, "Defendant."

[Christiansen's trial attorney]:

Would you set an appeal bond, Your Honor?

[Judge]:

Oh, sure, well, I'll just sentence him, and we won't have to place him on probation, because that way, okay, what I will do, then, is sentence you to a $500.00 fine. You were so courteous, Joe, you should have said that in the first place, and I wouldn't have had to gone through all that, 90 days in County Jail, and lifetime suspension of driver's, driving privilege.

. . . .

[Judge]:

Okay. All right, that will be the order, then, 90 days in the County Jail, $500.00 fine, and lifetime suspension. I'll set the appeal bond at $300.00.

[Christiansen's trial attorney]:

I wonder, could you make it $200.00, Judge. He showed up here.

[Judge]:

$200.00.

Once the municipal court judge had placed Christiansen on probation, as we find he did by his pronouncement, the effort to sentence him otherwise was a nullity.

In *State v. Snider*, 197 Neb. 317, 248 N.W.2d 342 (1977), the defendant was sentenced, upon violation of his probation, to a term of 1 to 2 years' imprisonment, with credit for time spent in jail awaiting the sentencing hearing. On his way out of the courtroom the defendant slammed a door. The judge, obviously unhappy with such conduct, called the defendant back and resentenced him to a term of 1 to 2 years *without* jail credit. We held the latter sentence ineffectual, and stated: "The rule is that a sentence validly imposed takes effect from the time it is pronounced and that a subsequent sentence fixing a different term is a nullity." *Id.* at 319, 248 N.W.2d at 343. See, also, *State v. Kinney, ante* p. 701, 350 N.W.2d 552 (1984); *State v. Sliva*, 208

Neb. 647, 305 N.W.2d 10 (1981); *State v. Cousins*, 208 Neb. 245, 302 N.W.2d 731 (1981).

Accordingly, the judgment of conviction is affirmed and the matter remanded to the district court with directions to remand the cause to the municipal court for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

CAPORALE, J., participating on briefs.