STATE OF NEBRASKA, APPELLEE, V. JERRY KINNEY,
APPELLANT.

350 N.W.2d 552

Filed June 22, 1984. No. 83-608.

Dennis R. Keefe, Lancaster County Public Defender, and Coleen J. Sindelar, for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.
Defendant was charged in the municipal court of

Lincoln, Nebraska, with a violation of a city ordinance in that he did "[o]perate or be in actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs or when he/she had ten-hundredths of one percent or more by weight of alcohol in his/her body fluid as shown by chemical analysis of his/her blood, breath, or urine." Defendant was found guilty only of being in control of his vehicle while under the influence of alcoholic liquor. He appealed to the district court, where his conviction was affirmed, and now appeals to this court, alleging that the evidence was insufficient to convict. We affirm defendant's conviction but, for reasons hereinafter stated, vacate the sentence and reverse and remand the cause for further proceedings.

The bill of exceptions of defendant's trial consists partially of the testimony at a hearing on defendant's motion to suppress all evidence obtained as a result of the traffic stop and arrest of defendant. Defendant and the arresting officer both testified at this hearing. Their evidence was limited to the explanation of defendant's operation of his vehicle during the time immediately preceding his arrest. This evidence showed that defendant had emerged from a drive in the downtown Lincoln area to go south and that he pulled out in front of a car also going south. Defendant testified the car was six or seven car lengths, or more, to the north of the drive from which defendant emerged, while the officer testified the approaching car was only one car length north of the drive, so that the driver of the approaching car had to brake immediately, with a screeching of tires, to avoid striking defendant's vehicle. Defendant's further driving to the south was uneventful. The officer arrested him some eight blocks later and was prepared to issue defendant a ticket for failure to yield the right-of-way, when the officer, after observing and talking to defendant, issued him the citation on which he was tried.

Based on this testimony, the trial judge overruled defendant's motion to suppress, and by specific agreement the parties immediately proceeded to trial on the merits. Defendant executed a consent to trial by stipulation, and the matter was submitted to the court on the testimony of defendant and the arresting officer at the suppression hearing and on "the facts as reflected in the official law enforcement report . . . ." In his consent defendant specifically waived various rights, including the rights to cross-examine the witnesses testifying against him and to testify in his own behalf.

The stipulation of facts, as read to the court, included the following: "The defendant exibited [sic] a very strong odor of alcoholic beverage on his breath, slurred speech, bloodshot and watery eyes. Defendant was observed to have trouble getting his license out of his wallet when he was asked for it." Further stipulated facts were that the arresting officer had been a police officer for 8 years, had received formal training in the detection of persons who are under the influence of intoxicants, and had observed over 1,000 individuals under the influence of alcoholic liquors; that another officer who observed the defendant from the time of his arrest through the time of the completion of the breath testing had been a police officer for 7 years, had received formal training in detecting persons under the influence of alcoholic beverages, and had observed 700 persons "under the influence"; and that another officer who administered the breath test (the court excluded the results of the breath test for lack of proper foundation) had been an officer for 3½ months, had received formal training, and had observed over 100 persons under the influence of alcoholic liquor. It was further stipulated that each of these officers, based on the very strong odor of alcoholic beverage on defendant's breath, on his slurred speech, on his bloodshot and watery eyes, and, in the case of two of the officers, on defendant's loss of

dexterity and his difficulty in retrieving his driver's license from his wallet, had an opinion that defendant was "under the influence of an alcoholic liquor."

The trial judge then inquired if the opinions of the officers, as stipulated, meant that the three officers had concluded that "the defendant was under the influence to such an extent to — as to have lost to an appreciable degree the normal control of his bodily and mental faculties." The parties so stipulated.

It was further stipulated that no balance or sobriety tests were conducted because of "defendant's physical impairment" and "that the defendant's physical impairment is based upon shrapnel lodged in his spine which was sustained in Vietnam. Further, that the defendant has a — sustained at some point — point in his life — a gunshot wound completely through the right palm. . . . Also in Vietnam."

The trier of fact then was faced with evidence where three officers, two of whom had had at least 7 years' experience and had had at least 50 minutes to observe defendant (from arrest to the time of taking the Intoxilyzer test), testified that in their opinion defendant was under the influence of an alcoholic beverage, and testified to some facts supporting that opinion. While this type of evidence is not strong or overwhelming, it is sufficient to support the trial court's determination—particularly when the trier of fact is not presented any evidence to the contrary. The only evidence put forward by defendant is that he is a wounded Vietnam veteran, and while that evidence might support a conclusion that his hand injuries might be responsible for the difficulty defendant had in retrieving his license from his wallet, the fact finder is not required to draw that inference, particularly where there is no direct evidence on the question. As presented, the evidence, although weak, is sufficient to support the trial court's finding of guilt. There was evidence beyond that presented by the State in *State v. Johnson*, 215 Neb. 391, 338

N.W.2d 769 (1983), and the evidence, as presented, was not rebutted as was the State's evidence in *Johnson, supra.* Defendant's conviction is affirmed.

After defendant's conviction a presentence investigation was conducted, and defendant returned for sentencing at a later date. At that hearing the judge signed and entered an order of probation. Defendant's counsel then indicated to the court that defendant was going to appeal, and said, "[W]hy don't we just decline the probation and — at this point in time." The court responded, "[W]hat I will do, and I had already signed the order, and what I'm going to do is show that the defendant advised the Court, after the order of probation was entered, that he was giving notice of appeal, and therefore declined the offer of probation. The order of probation which had been signed is therefore nullified . . . ." The court then sentenced defendant to 7 days' imprisonment, fined him $200, and suspended his driver's license for 6 months.

Defendant does not assign any error in this procedure, but this court has the right to notice and correct plain error. Neb. Rev. Stat. § 25-1919 (Reissue 1979); *Weiss v. Union Ins. Co.*, 202 Neb. 469, 276 N.W.2d 88 (1979). The procedure was in error. First of all, as defined in Neb. Rev. Stat. § 29-2246(4) (Reissue 1979), probation is a *sentence.* It is not a part of a quasi-contract where the court offers something and defendant is free to accept or reject. Secondly, it is clear that an order placing a defendant on probation is a final and appealable order. See *State v. Williams*, 194 Neb. 483, 233 N.W.2d 772 (1975). Finally, our law is settled that a sentence validly imposed takes effect from the time it is pronounced, and a subsequent, different sentence is a nullity. In *State v. Sliva*, 208 Neb. 647, 305 N.W.2d 10 (1981), a sentence that had been imposed was later on the same day set aside, and an appeal was then taken from a later sentence. This court said at 648, 305 N.W.2d at 11:

The difficulty with all of this, however, is that the sentence which was originally imposed on February 22, 1980, was a final judgment and one which the trial court was not at liberty to vacate. We recently held in the case of *State v. Cousins, ante* p. 245, 247, 302 N.W.2d 731, 732 (1981): " 'The rule is that a sentence validly imposed takes effect from the time it is pronounced and that a subsequent sentence fixing a different term is a nullity.' " The rule is not new, having previously been declared by this court in *State v. Snider,* 197 Neb. 317, 248 N.W.2d 342 (1977).

See, also, *State v. Christiansen, post* p. 740, 351 N.W.2d 67 (1984).

It is clear that the trial court's sentence to probation was validly imposed, and could not be vacated and a different sentence imposed.

With regard to a sentence of probation, it is clear that in some situations such a sentence may be more onerous than an alternative sentence. That may have been the case here. While a defendant may so conduct himself as to require that his probation may have to be set aside and the defendant be sentenced to another penalty because of his violation of probation, the fact remains that a convicted defendant is not free to accept or reject a valid sentence to probation. And, of course, this is not to say that based on a defendant's statements made before a sentence of probation is ordered, a court could not withhold such a sentence that the court had previously decided to impose—so long as the sentence was not actually imposed.

We further note, and specifically disapprove, the remarks made by the district court probation officer in his presentence investigation report for the district court. In the summary of that report it is stated: "In view of the defendant's attitude towards this matter and his continued involvement in criminal behavior, it is felt that the sentence of the Mu-

nicipal Court should be affirmed, *because regardless of what happens he intends to appeal the case.*" (Emphasis supplied.) It is absolutely clear that the incidental fact that a defendant intends to appeal a conviction is not a reason for denying probation.

Accordingly, the judgment of conviction is affirmed and the matter remanded to the district court with directions to remand the cause to the municipal court for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED<br>AND REMANDED WITH DIRECTIONS.

WHITE, J., dissenting.

The alleged failure to yield the right-of-way, resulting in a stop eight blocks later, is given as an articulable reason in the stopping of the appellant's car. During the eight blocks the officer followed the appellant's car, as stated by the majority, the driving was "uneventful."

The interval between the perceived violation and the stop gives rise to the inescapable inference that the reason given was pretextual. Both the stop and the arrest were illegal. Therefore, any evidence arising from the unlawful conduct ought to have been suppressed, including the officer's observations of this war-wounded veteran's limited physical dexterity which formed the basis for the opinion of intoxication. See *Delaware v. Prouse*, 440 U.S. 648, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979).