STATE OF NEBRASKA, APPELLEE, V. JOHN I. VERNON, APPELLANT.
356 N.W.2d 887

Filed October 26, 1984.   No. 84-154.

Leroy P. Shuster, for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.
The defendant was charged in county court with driving while intoxicated. The county court held a group arraignment on September 21, 1982, at which the defendant and all others

present were advised, "If you wish a trial by jury, you must inform the Court of your request within 10 days from the date of entering your plea of not guilty."

When the defendant was called individually before the court, the following occurred:

THE COURT: Were you present today when I recited your trial rights and your plea options?

MR. VERNON: Yes, sir.

THE COURT: Are you — Do you have any question with regard to your rights at the court proceedings?

MR. VERNON: No.

THE COURT: Do you wish to have an attorney represent you?

MR. VERNON: I have got one but he's not here.

THE COURT: Okay. Who is that?

MR. VERNON: Howard Awk (phonetic).

THE COURT: Okay. And has Mr. Awk explained to you how to proceed today?

MR. VERNON: Yes, sir.

THE COURT: What does he want you to do?

MR. VERNON: Plead not guilty.

THE COURT: All right. We'll record your plea of not guilty. I will remind you, Mr. Vernon, since you're not a member of the Bar you don't have — you don't have a copy of the rules of practice, as I've indicated in the rights you have 10 days from today to request a jury trial if that's what you want to do.

MR. VERNON: Yes, sir.

THE COURT: All right. I'll continue your bond in full force and effect pending trial. In the absence of a request for jury trial, I'm going to have the clerk set this trial date to a date certain. So when you take the order from the steno to the clerk's office, they will give you a trial time and Mr. Awk will be informed of that trial time at which time you must appear for trial.

MR. VERNON: (Indiscernible.) sir.

THE COURT: All right, sir, you're excused.

Between the arraignment on September 21, 1982, and trial, the defendant retained new counsel. On October 26, 1982, a

written request for a jury trial was filed, which was subsequently denied.

After a trial to the court the defendant was found guilty and sentenced to a term of probation. Approximately 40 days later, after the defendant had given notice of appeal, he was sentenced to jail for 7 days. Upon appeal to the district court that judgment was affirmed.

In this court the defendant contends that he was erroneously denied a jury trial; the result of a breath test should have been suppressed because he was not furnished with a breath sample for an independent test; and the resentencing was invalid.

In this case the defendant had only a statutory right to a jury trial, and a demand is required to invoke that right. See, Neb. Rev. Stat. § 24-536 (Reissue 1979); *State v. Mangelsen*, 207 Neb. 213, 297 N.W.2d 765 (1980). A defendant may orally request a jury trial while he is before the court or make a written request therefor. *State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980). A failure to file a timely request in accordance with the rules of the court constitutes a waiver of the statutory right. *State v. Nielsen*, 199 Neb. 597, 260 N.W.2d 321 (1977).

The defendant contends the waiver in this case was invalid because it was made at a time when the defendant was not represented by counsel.

Although defendant's counsel was not present at the arraignment, the defendant elected to proceed in his absence and advised the court that counsel had instructed him to plead not guilty. The court specifically advised the defendant of the necessity for a demand for a jury trial within 10 days after arraignment, and stated that *in the absence of a request for jury trial*, the case was being set for trial on a date certain. This was binding upon both the defendant and his counsel, and the absence of a request within 10 days was effective as a waiver.

With respect to the defendant's contention that the State is obligated to preserve a breath sample so that an independent test can be made, the U.S. Supreme Court in a recent decision held that due process does not require the State to preserve such a sample. *California v. Trombetta,* 467 U.S. _____, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984). In the *Trombetta* case the Court stated at 104 S. Ct. 2535: "We conclude, therefore, that the Due

Process Clause of the Fourteenth Amendment does not require that law enforcement agencies preserve breath samples in order to introduce breath-analysis tests at trial." This assignment of error is without merit.

The attempt to resentence the defendant to jail after a sentence to probation had been imposed was void.

In *State v. Kinney*, 217 Neb. 701, 705-06, 350 N.W.2d 552, 555 (1984), a case involving a similar factual situation, we held the second sentence to be invalid, and said:

> The procedure was in error. First of all, as defined in Neb. Rev. Stat. § 29-2246(4) (Reissue 1979), probation is a *sentence*. It is not a part of a quasi-contract where the court offers something and defendant is free to accept or reject. Secondly, it is clear that an order placing a defendant on probation is a final and appealable order. See *State v. Williams*, 194 Neb. 483, 233 N.W.2d 772 (1975). Finally, our law is settled that a sentence validly imposed takes effect from the time it is pronounced, and a subsequent, different sentence is a nullity. In *State v. Sliva*, 208 Neb. 647, 305 N.W.2d 10 (1981), a sentence that had been imposed was later on the same day set aside, and an appeal was then taken from a later sentence. This court said at 648, 305 N.W.2d at 11: "The difficulty with all of this, however, is that the sentence which was originally imposed on February 22, 1980, was a final judgment and one which the trial court was not at liberty to vacate. We recently held in the case of *State v. Cousins, ante* p. 245, 247, 302 N.W.2d 731, 732 (1981): ' "The rule is that a sentence validly imposed takes effect from the time it is pronounced and that a subsequent sentence fixing a different term is a nullity." ' The rule is not new, having previously been declared by this court in *State v. Snider*, 197 Neb. 317, 248 N.W.2d 342 (1977)." See, also, *State v. Christiansen, post* p. 740, 351 N.W.2d 67 (1984).

The sentence imposed by the county court on April 25, 1983, is vacated and the cause remanded with directions to reinstate the sentence imposed on March 14, 1983.

SENTENCE VACATED AND CAUSE
REMANDED WITH DIRECTIONS.