STATE OF NEBRASKA, APPELLEE, V. JERENE CARNEY, APPELLANT.
374 N.W.2d 59

Filed September 27, 1985.   No. 84-959.

Stephen C. Hansen of Luckey, Sipple, Hansen & Emerson, for appellant.

Robert M. Spire, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Colfax County from a jury verdict finding the defendant guilty of taking and exercising control over movable property, a Class IV felony. Defendant's motion for a new trial was denied, and she appeals, alleging a double jeopardy violation. She assigns as error the district court's decision to allow the prosecution to set aside its rest and produce additional evidence after sustaining the defendant's motion to dismiss and motion to acquit.

The defendant was charged with the theft of two items of jewelry from a couple for whom she babysat. She was sentenced to probation, restitution, county jail, public service, a fine, and costs.

At the conclusion of the State's case in chief, and after the State had rested, counsel for the plaintiff and counsel for the defendant met with the judge in his chambers. The court

reporter was present. Counsel for the defendant asked the court to consider two motions: first, a motion to dismiss the charges against the defendant for the reason that the State had failed to prove a prima facie case; and second, a motion to acquit the defendant for failure of the State to prove the defendant guilty beyond a reasonable doubt as a matter of law. The judge responded, "The motion is good, sustained." The State then immediately asked leave to withdraw its rest. The motion was sustained, and the State was allowed to withdraw its rest and then present additional evidence over the objection of defense counsel.

We hold that the trial court's sustaining of the motions for dismissal and acquittal constituted a resolution of the issue of guilt. It was error for the court to allow the prosecution to set aside its rest and produce additional evidence, as such actions subjected the defendant to double jeopardy. We reverse.

When the trial judge sustained defense counsel's motion for acquittal, the judge determined the rights of the parties in the action. This constituted a finding which entitled the defendant to a judgment dismissing the information. A judgment should then have been rendered and entered.

"A finding of fact is not a judgment." *Brounty v. Daniels*, 23 Neb. 162, 164, 36 N.W. 463, 464 (1888). See, *Rumbel v. Ress*, 166 Neb. 839, 91 N.W.2d 36 (1958), *supp. op.* 167 Neb. 359, 92 N.W.2d 904; *Gouger v. County of Sarpy*, 151 Neb. 207, 36 N.W.2d 775 (1949). "As a general rule, decisions, opinions, findings, or verdicts do not constitute a judgment or decree but merely form the basis on which the judgment is subsequently to be rendered." 49 C.J.S. *Judgments* § 4 at 28 (1947).

The granting of the motion finding defendant not guilty as a matter of law resulted in an acquittal. An "acquittal" is a resolution of the factual elements of the offense charged. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977); *United States v. Scott*, 437 U.S. 82, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978), *reh'g denied* 439 U.S. 883, 99 S. Ct. 226, 58 L. Ed. 2d 197. The failure of the court to render a judgment and enter it is not sufficient reason to deprive the defendant of her constitutional rights under the provisions of the double jeopardy clause.

Two cases from other jurisdictions present fact patterns similar to this one. In *State v. Hurst*, 367 So. 2d 1180 (La. 1979), the defendant was found guilty of driving while intoxicated. After presenting witnesses and introducing evidence the State rested. Defense counsel moved for acquittal due to insufficiency of evidence. The judge then took a recess, replayed the testimony of one witness, and then granted the motion for directed verdict. Immediately thereafter, the prosecutor prevailed upon the judge to replay the testimony of another witness. The judge then apologized to the State and declared that the motion for directed verdict was denied. Despite defense counsel's objection to the continuation of the trial on the ground of double jeopardy, additional evidence was presented by both sides.

On appeal the court considered the legality of the guilty verdict in light of the trial court's ruling earlier in the trial granting a motion for a judgment of acquittal. Defendant contended that at the moment the trial court ruled "the motion for directed verdict is granted," his jeopardy ended, and any further proceedings against him constituted a violation of double jeopardy provisions of the U.S. Constitution and the Louisiana Constitution. This argument was found to have merit, and the defendant's conviction was reversed in favor of a judgment of acquittal.

In the recent case of *State v. Dowling*, 98 Wash. 2d 542, 656 P.2d 497 (1983), it was undisputed that the trial court initially dismissed a charge of theft against an 11-year-old defendant before later granting the State's motion for reconsideration and then finding the defendant guilty. The decision to dismiss was reached after extensive argument and discussion of the facts. The court concluded that the State had not presented sufficient evidence to overcome the presumption that the defendant was incapable of committing a crime. The judge ruled on the dismissal from the bench in open court. "The judge's oral opinion was neither inadvertent, tentative, nor made subject to further consideration or advisement." *Id.* at 547, 656 P.2d at 500. The appellate court concluded:

> While a formal journal entry is important, a ruling from the bench in open court must be viewed as final in the

context of a criminal proceeding when such a ruling terminates the case. . . . The constitution does not permit a jury to return a verdict acquitting a defendant, then 4 months later find the same defendant guilty. This same prohibition also applies to a trial judge when he performs the factfinding function of a jury. Once a defendant is acquitted, all further proceedings must end.

*Id.*

The U.S. Supreme Court in dealing with the issue of former jeopardy has distinguished cases where the basis for dismissal was a factual determination of the guilt or innocence of the accused from cases where the dismissal was based on procedural faults. In *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977), the Court held that an order of acquittal, entered by the trial judge after a mistrial was declared, barred further prosecution, since further prosecution would violate the fifth amendment to the U.S. Constitution. An acquittal was defined as a resolution of some or all of the factual elements of the offense charged. The Court concluded that the trial judge had evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction. This case can be distinguished from *United States v. Scott*, 437 U.S. 82, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978), *reh'g denied* 439 U.S. 883, 99 S. Ct. 226, 58 L. Ed. 2d 197, where the dismissal was based on preindictment delay by the prosecution rather than on a judgment relating to the guilt or innocence of the defendant.

The State in its brief relies on Neb. Rev. Stat. § 24-734 (Cum. Supp. 1984), which enumerates the general powers of judges. The statute provides in part that a judge in chambers is authorized to:

(g) Without notice, make any order and perform any act which may lawfully be made or performed by him or her ex parte in open court in any action or proceeding which is on file in any district of this state;

. . . .

(2) A judgment or order made pursuant to this section shall be deemed effective when (a) the judgment is rendered in accordance with the provisions of subsection

(2) of section 25-1301 or (b) the order made has been pronounced accompanied by the making of a notation on the trial docket by the judge or made at the direction of the judge.

The State misplaces its reliance on § 24-734, since in this case the attorneys and the judge had their conference on the record. While it is true that the hearing of motions and the judge's decision took place in chambers, the pronouncement of the acquittal by the sustaining of defense counsel's motion was clearly communicated to both the defense and the prosecution. Although it is not clear from the record, it appears that the court was in session when the judge made his pronouncement and that the judge and the attorneys merely stepped into chambers for convenience.

Double jeopardy, or former jeopardy, has been addressed both in Nebraska and by the U.S. Supreme Court. "The plea of former jeopardy is an established maxim of the common law, and has been included in the Constitution of the United States as well as ours. The protection afforded is not against the peril of second punishment, but against being tried again for the same offense." *Jeppesen v. State*, 154 Neb. 765, 768, 49 N.W.2d 611, 613 (1951). See, U.S. Const. amend. V; Neb. Const. art. I, § 12. In *United States v. Scott, supra* at 91, the Court stated: "To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent he may be found guilty.' "

To permit a court to entertain additional argument, set aside its ruling, and continue a trial after making a finding that the defendant was not guilty as a matter of law is indistinguishable from permitting a prosecuting attorney to present additional argument after a jury has delivered a verdict. This is consistent with our previous holdings that a sentence validly imposed takes effect from the day it is pronounced. *State v. Sliva*, 208 Neb. 647, 305 N.W.2d 10 (1981); *State v. Cousins*, 208 Neb. 245, 302 N.W.2d 731 (1981); *State v. Snider*, 197 Neb. 317, 248 N.W.2d 342 (1977), *overruled on other grounds, State v. Cousins, supra*; *State v. Brewer*, 190 Neb. 667, 212 N.W.2d 90

(1973). We hold that a judicial dismissal or acquittal based upon insufficient evidence constitutes a finding as a matter of law which entitles the defendant to a judgment, and the prohibition against double jeopardy prevents further prosecution.

REVERSED.