REQUESTED BY: Edward C. Birkel, State Probation Administrator
You have posed several questions relating to Neb. Rev. Stat. §29-2301(1995) and its effect upon a sentence of probation once a notice of appeal has been filed. Neb. Rev. Stat. § 29-2301 provides as follows:
29-2301. Appeal; notice; effect. When a person is convicted of an offense and gives notice of his or her intention to appeal to the Court of Appeals or Supreme Court, the execution of the sentence or judgment shall be suspended until such time as the appeal has been determined. The trial court, in its discretion, may allow the defendant to continue at liberty under bail or admit the defendant to bail during the suspension of sentence.
Question No. 1: Does Neb. Rev. Stat. § 29-2301 mandate the suspension of probation supervision during the course of the appeal process?
Answer: Fundamental rules of statutory construction guide our analysis of the statute in question. A statute is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous. State v. Melcher, 240 Neb. 592, 483 N.W.2d 540
(1992). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. State v. Johnson,259 Neb. 942, 613 N.W.2d 459 (2000); State v. Tlamka, 7 Neb. App. 579,585 N.W.2d 101 (1998). Nor is it within the province of the courts to read a meaning into a statute that is not there, nor to read anything direct and plain out of a statute. State v. Atkins, 250 Neb. 315, 549 N.W.2d 159
(1996). Furthermore, the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed so that different provisions of the act are consistent, harmonious and sensible. State v. Seberger, 257 Neb. 747, 601 N.W.2d 229
(1999).
The origin of Neb. Rev. Stat. § 29-2301 can be traced back to the Nebraska General Statutes of 1873, c. 58, § 503, p. 833. In 1873, the statute provided in pertinent part:
 When a person shall be convicted of an offense, and shall give notice to the court of his intention to apply for a writ of error, the court may, at its discretion, on application of the person so convicted, suspend the execution of the sentence or judgment against him until the next term of the court, or for such period, not beyond the session of the court, nor beyond the next terms of the supreme court, as will give the person so convicted a reasonable time to apply for such writ. . . .
(Emphasis added).
As is evident, the original statute gave trial courts the discretion to suspend the execution of a sentence upon the filing of a notice of appeal. With the enactment of Law Bill 722 in 1982, the discretionary provisions were replaced with mandatory language requiring the suspension of a sentence pending a defendant's appeal.
We can find no Nebraska cases directly addressing whether a sentence of probation is required by operation of § 29-2301 to be suspended pending appeal. A review of the legislative history also does not address whether the Legislature contemplated the suspension of probation supervision during the appeal process. However, pursuant to Neb. Rev. Stat. § 29-2246(4) (1995), "[p]robation shall mean a sentence under which a person found guilty of a crime . . . is released by a court subject to conditions imposed by the court and subject to supervision." See also, State v. Kinney, 217 Neb. 701, 350 N.W.2d 552 (1984) (probation is a sentence; an order placing defendant on probation is a final, appealable order).
Given the plain, direct, and unambiguous language of Neb. Rev. Stat. § 29-2301, we conclude that the execution of a sentence, including a sentence of probation, is required to be suspended when a person convicted of an offense gives notice of his or her intention to appeal. See also, Neb. Rev. Stat. § 25-2730(3) (Cum. Supp. 2000) (outlining procedures applicable to criminal appeals in county court cases requiring that "the execution of judgment and sentence, other than any sentence to a period of confinement, shall be suspended during the appeal.").
Although we conclude that a sentence of probation is required to be suspended once a defendant appeals, the trial court is not without authority to ensure that an offender is properly supervised pending the outcome of the appeal. Pursuant to Neb. Rev. Stat. § 29-2301, "[t]he trial court, in its discretion, may allow the defendant to continue at liberty under bail or admit the defendant to bail during the suspension of sentence."
For persons sentenced in the district court in misdemeanor cases, Neb. Rev. Stat. § 29-2302 (1995) further provides:
 The district court shall fix the amount of a recognizance, which in all cases shall be reasonable, conditioned that the appeal shall be prosecuted without delay and that in case the judgement is affirmed, he, she or they will abide, do, and perform the judgment and sentence of the district court.
And finally, in felony cases, Neb. Rev. Stat. § 29-2303 (1995) specifically states in relevant part:
Whenever a person shall be convicted of a felony, and the judgement shall be suspended as a result of the notice of appeal, it shall be the duty of the court to order the person so convicted into the custody of the sheriff, to be imprisoned until the appeal is disposed of, or such person is admitted to bail.
In State v. Woodward, 210 Neb. 740, 316 N.W.2d 759 (1982), the Nebraska Supreme Court commented upon the foregoing statute as follows:
 It is clear from a reading of the above-quoted section that the right to bail, after conviction, is discretionary and not absolute. Once a defendant has been convicted of the felony charged, he is not entitled to be released on bail. Such determination is left to the discretion of the trial court who may prescribe the amount of the bond and the conditions thereof . . .
Id., 210 Neb. at 747, 316 N.W.2d at 763 (emphasis added). See also, State v. Dawn, 246 Neb. 384, 519 N.W.2d 249 (1994) (once defendant has been convicted of felony charged, he is not entitled to be released on bail); State v. Hernandez, 1 Neb. App. 830, 511 N.W.2d 535 (1993) (trial court could properly impose as a condition in an appeal bond that a defendant not commit any crime while free on bond pending appeal.)
Question No. 2: May a defendant voluntarily accept probation supervision pending the appeal process, and thereby waive the provisions of Neb. Rev. Stat. § 29-2301 requiring suspension of the sentence?
Answer: The above-referenced statutes do not appear to confer any rights upon a convicted defendant that may be waived. Rather, once a defendant gives notice of his or her intention to appeal, § 29-2301
requires the suspension of the sentence. Depending upon whether the conviction involves a misdemeanor or felony, the convicted defendant shall be incarcerated, continued on bail, or admitted to bail. Neb. Rev. Stat. § 29-2302, § 29-2303. The jail credit provisions of Neb. Rev. Stat. § 29-2305 (1995) lend support to the view that execution of the sentence is suspended pending a defendant's appeal, and the sentencing court is left with two options, bail or incarceration. Additionally, only persons incarcerated pending appeal are entitled by statute to receive credit against their sentence:
If the appeal in such case is dismissed or the conviction is affirmed on hearing, such judgement shall be executed by the court by which it was rendered on receipt of the mandate of the appellate court. A defendant who was not admitted to bail during the time the appeal was pending shall receive credit against the sentence for all the time he or she was incarcerated while the appeal was pending. Neb. Rev. Stat. §29-2305 (1995).
In short, we do not believe that a defendant can effect an operational change in the law by his or her voluntary waiver, thereby conferring additional authority upon the trial court than provided for by statute. As noted in State v. Vernon, 218 Neb. 539, 356 N.W.2d 887
(1984): "[P]robation is a sentence. It is not a part of a quasi-contract where the court offers something and defendant is free to accept or reject." Id., 218 Neb. at 542, 356 N.W.2d at 890.
Question No. 3: Does Neb. Rev. Stat. § 29-2301 mandate the suspension of a sentence of probation when the party appealing the sentence is a prosecutor?
Answer: The plain, direct, and unambiguous language of Neb. Rev. Stat. § 29-2301 mandates the suspension of the execution of the sentence only "[w]hen a person is
 convicted of an offense and gives notice of his or her intention to appeal. . . ." (Emphasis added). The statute does not address the effect to be given when a prosecutor appeals a sentence alleged to be excessively lenient under the provisions of Neb. Rev. Stat. § 29-2321 (1995), et seq. Nor do the procedures for perfecting such appeals indicate that the Legislature intended the same operational effect when a prosecutor gives notice of an intention to appeal.
Nevertheless, jurisdictional concerns may arise if a sentence is not suspended pending a determination of the prosecutor's appeal. The general rule is that the filing of a notice of appeal from a judgment of conviction and sentence invokes the jurisdiction of the appellate court and removes jurisdiction from the district court. State v. Camomilli,1 Neb. App. 735, 511 N.W.2d 155 (1993); State v. Spotted Elk,227 Neb. 869, 420 N.W.2d 707 (1988) (once jurisdiction has been removed to appellate court, district court has no jurisdiction over cause unless and until remanded by appellate court); State v. Allen, 195 Neb. 560,239 N.W2d 272 (1976) (any order made by district court subsequent to the vesting of jurisdiction in appellate court is void and of no effect; the appellate court and district court should not exercise concurrent jurisdiction over the same case). So, if the execution of a sentence of probation is not suspended pending the outcome of a prosecutor's appeal, then the trial court may be required to oversee probation revocation proceedings at the same time the criminal conviction and sentence of probation are being reviewed on appeal.
These potential jurisdictional concerns are not present when a defendant is either incarcerated or admitted to bail pending an appeal. As noted in State v. Hernandez, 1 Neb. App. 830, 511 N.W.2d 535 (1993):
 [A]lthough a notice of appeal had been filed regarding the criminal conviction and sentence, the district court was not deprived of jurisdiction to rule on the forfeiture of bond and related matters. This is so because the forfeiture of bail and matters regarding the same are independent of and collateral to the original criminal action.
Id., 511 N.W.2d at 537-38. Consequently, we conclude that a trial court would lack jurisdiction to issues orders pertaining to the probation supervision of a defendant while an appeal of the sentence remained pending, whether that appeal was perfected by the defendant or the prosecutor in the case.
Sincerely,
 DON STENBERG Attorney General
 Marie Colleen Clarke Assistant Attorney General
Approved:
_________________________________ Attorney General