The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Nancy Lee ROLLINS,
Defendant–Appellant.

No. 87CA1921.

Colorado Court of Appeals,
Div. IV.

Feb. 2, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

James A. Beckwith & Associates, James A. Beckwith, Wheat Ridge, for defendant-appellant.

FISCHBACH, Judge.

Defendant, Nancy Lee Rollins, appeals from a district court order denying her Crim.P. 35(a) motion for postconviction relief. In that motion she challenged the trial court's authority to impose probation over her objection and the propriety of its restitution award. We vacate her sentence, and remand for re-sentencing.

Defendant was licensed to perform inspections of motor vehicle identification numbers (VIN), which she did in the course of her business of assisting others to prepare and file applications for motor vehicle titles. She pled nolo contendere to a charge of violating § 42–6–140, C.R.S. (1984 Repl.Vol. 17), by knowingly making a false statement in an application for a motor vehicle title certificate.

The incident underlying the charge occurred in 1983 when defendant filled out a motor vehicle title application for a customer in which she certified as the vehicle's VIN a number which actually belonged to a car which the evidence indicates was not in the state at the time (Car One). The number she certified in the application differed by only the last three digits from the VIN of a car of identical model and make (Car Two). Both cars were owned by the company for which the customer worked.

About a month after defendant prepared the application and certification, the customer traded Car Two to Tynan's Volkswagen (Tynan's). The paperwork which Tynan's completed for the transaction, some of which was signed by defendant's customer, contained the correct VIN for Car Two. When Tynan's later sold Car

Two, it identified the vehicle by the VIN under which defendant had certified it, which was actually the number for Car One.

Violation of § 42–6–140, by its terms, is punishable by a fine of not less than one hundred nor more than five hundred dollars, or by imprisonment of not less than ten days nor more than six months, or both. Before the sentencing hearing began, defense counsel advised the court that because defendant was not applying for probation, restitution to the car dealer and its insurer was not an appropriate sentencing condition. At the conclusion of the hearing, however, the trial court fined defendant $500, then suspended the fine and placed defendant on probation. The sole condition of probation was that defendant pay restitution of $4,125.95 to Tynan's and its insurer within six months.

## I.

■ We first consider whether the trial court had authority to impose a fine, but then suspend it and impose probation.

We hold that the trial court lacked such authority. As the supreme court observed in *People v. District Court,* 673 P.2d 991 (Colo.1983) (fn. 6): "In 1972, the legislature included probation within its statutory sentencing alternatives and removed sentencing courts' power to suspend sentences in connection with grants of probation." *See People v. Flenniken,* 749 P.2d 395 (Colo. 1988). Although by subsequent legislative enactment applicable to offenses which have occurred on or after July 1, 1988, courts are now reinvested with that authority in certain situations, *see* § 18–1–105(10), C.R.S. (1988 Cum.Supp.), no such authority existed at the time of this offense.

Therefore, defendant's entire sentence was illegal, and the case must be remanded to the trial court for imposition of a legal sentence.

## II.

Because these issues will arise on remand, we address defendant's argument that the trial court could not sentence her to probation over her objection nor to a more severe sentence than originally imposed.

### A.

■ The question of a defendant's right to refuse probation is one of first impression in Colorado. Other jurisdictions have reached opposing conclusions on this issue. *See* Annot., 28 A.L.R.4th 736 (1984). Although some courts have declined to recognize any right of a defendant to refuse probation, *see, e.g., State v. Kinney,* 217 Neb. 701, 350 N.W.2d 552 (1984), a majority of jurisdictions have held that a defendant can refuse probation, and that a court order of probation is ineffective unless accepted by the defendant. *See, e.g., State v. Carmickle,* 307 Or. 1, 762 P.2d 290 (1988).

The terminology of Colorado's sentencing statutes reflects the majority view of probation and establishes probation in this state as a sentencing alternative which may be refused by a defendant. Section 16–11–101(1)(a), C.R.S. (1986 Repl.Vol. 8A) provides that probation is a sentencing alternative which "may be granted" to a defendant. Probation is again referred to as something which the court "may grant" in § 16–11–202, C.R.S. (1986 Repl.Vol. 8A). The word "grant" means "to consent to carry out *for* a person," and is applied to "giving to a petitioner or claimant ... something *that has been sought* and that could be withheld." *Webster's Third New International Dictionary* 989 (1981) (emphasis added). Hence, the use of the word "grant" in the statutes implicitly suggests that probation is accorded only to a defendant who seeks or is willing to accept it as a sentence.

This interpretation is supported by the statutory provision that a defendant must "apply to the court for probation." Section 16–11–201(1), C.R.S. (1986 Repl.Vol. 8A). This condition requires that a defendant actively solicit probation or, at the least, even if written application is waived, to acquiesce in a sentence of probation.

By establishing probation as an alternative sentence which requires a defendant's acquiescence, these statutes align Colorado

with those jurisdictions which have held that a defendant may refuse probation. Thus, we hold that, without defendant's consent, the trial court had no power to impose a sentence of probation.

### B.

We do not agree with defendant's contention that, on remand for re-sentencing, the trial court may not impose a sentence which exceeds the $500 fine which was already pronounced.

When an original sentence is illegal, and therefore void, the trial court "may impose any sentence on remand that is consistent with the criminal code ... regardless of whether the sentence is more severe than that originally imposed." *People v. Flenniken, supra.*

The sentence is vacated, and the cause is remanded for re-sentencing according to the views expressed herein.

TURSI and CRISWELL, JJ., concur.