2014 CO 10

**The PEOPLE of the State of Colorado, Petitioner**

**v.**

**Spencer Klinton SMITH, Respondent.**

**Supreme Court Case No. 10SC747**

Supreme Court of Colorado.

February 3, 2014

Attorneys for Petitioner: John W. Suthers, Attorney General, Corelle M. Spettigue, Assistant Attorney General, Denver, Colorado.

Attorneys for Respondent: Douglas K. Wilson, Colorado State Public Defender, Dayna Vise, Deputy Public Defender, Sean Christopher Thomson, Deputy Public Defender, Denver, Colorado.

JUSTICE BOATRIGHT delivered the Opinion of the Court.

¶ 1 In this opinion, we review *People v. Smith*, 312 P.3d 1173 (Colo.App.2010), a court of appeals decision analyzing the scope of a trial court's discretion when awarding credit for presentence confinement against a jail sentence imposed as a condition of probation. In *Smith*, the court of appeals held that the trial court abused its discretion when it awarded Smith, a felony offender, only a portion of his presentence confinement

credit ("PSCC")[1] against a jail term imposed as a condition of probation. 312 P.3d at 1180–81. The court of appeals concluded that while the trial court was not required to award PSCC against a jail term imposed as a condition of probation, if the trial court chose to award PSCC, it had to award PSCC equal to the full amount of time served. *Id.* at 1181.

¶2 We disagree. We hold that the statutory provision governing PSCC for a felony offense, section 18–1.3–405, C.R.S. (2013), does not apply to probation, and therefore does not apply to the jail component of a probation sentence. Because a trial court is not constrained by section 18–1.3–405 when sentencing an offender to probation with a jail component, whether to credit an offender for presentence confinement—in full, in part, or not at all—is within the trial court's discretion. Accordingly, we reverse and we remand for proceedings consistent with this opinion.

## I. Facts and Procedural History

¶3 Spencer Smith broke into the victim's apartment carrying a concealed shotgun. He claimed that he went to the apartment to collect on a debt. A jury found Smith guilty of first-degree criminal trespass. He was sentenced to three years of intensive supervised probation. As a condition of his probation, the trial court ordered Smith to serve 30 days in the county jail to impress upon Smith the severity of his crime. The trial court noted that the defendant had already served county jail time at the time of sentencing but determined that additional jail time was warranted due to the use of a weapon:

> The Court does feel there's a need for a punitive sanction, and the Court is going to sentence the defendant to 30 days at the Larimer County Detention Center.
>
> I do note the defendant previously served 89 days, but the Court feels it's appropri-

ate that the defendant serve 30 days straight time at the Larimer County Detention Center. The Court ... simply wants to make sure the defendant understands that the use of weapons in situations like this just cannot be tolerated.

Defense counsel objected, stating: "[The] maximum that the Court can impose as a condition of probation is 90 days." The trial court overruled the objection, stating: "I'm not giving the defendant credit for all of the 89 days that he previously served. I'll give him credit for 60 days and impose the balance of 90 days then."

¶4 Smith appealed the denial of 29 days of PSCC. He argued that the felony PSCC statute, section 18–1.3–405, mandates that a court apply the full 89 days of credit against a jail term imposed as a condition of probation. In the alternative, he argued that the trial court's interpretation of the PSCC statute violated his equal protection rights.

¶5 The court of appeals reversed the trial court, concluding that while the trial court had discretion not to award any PSCC to a jail sentence imposed as a condition of felony probation, if the trial court decided to award PSCC, it did not have discretion to award less than the full amount of PSCC. *Smith*, 312 P.3d at 1180–81. In short, the court of appeals held that a trial court sentencing a felony offender to probation only has the discretion either to apply full PSCC or to apply no PSCC to a jail sentence imposed as a condition of probation. *Id.*

¶6 We granted certiorari to address the question of whether an offender is entitled to have the jail component of his probation sentence reduced by the period of presentence confinement.[2]

## II. Analysis

¶7 To resolve this issue we first examine our precedent regarding the scope of the trial court's authority when sentencing a con-

---

1. PSCC refers to the time credit that a person earns while in jail awaiting sentencing on an offense and unable to post bail. *Edwards v. People*, 196 P.3d 1138, 1139 (Colo.2008).

2. We granted certiorari to consider, specifically:

Whether the court of appeals erred in holding that the defendant was entitled to have the jail component of his sentence to probation reduced by the period of his presentence confinement, and whether it erred in ordering modification of the defendant's mittimus rather than permitting the trial court to resentence him.

victed offender to probation under the probation statute, section 18–1.3–202, C.R.S. (2013). Next, we evaluate the statutory framework underlying an award of PSCC for a felony offense, section 18–1.3–405, to determine whether the statute requires a trial court, when sentencing an offender to probation that includes a jail component, to credit an offender for presentence confinement in a certain amount.

## A. Jail as a Condition of Probation

■ ¶ 8 Probation is an alternative to a prison sentence. § 18–1.3–104, C.R.S. (2013); *Danielson v. Dennis*, 139 P.3d 688, 693 (Colo. 2006). The legislature created these sentencing alternatives because incarceration and probation serve different purposes. *People v. Martinez*, 844 P.2d 1203, 1206 (Colo.App.1992). A prison sentence is primarily punitive. *Id.* By contrast, probation is intended to be rehabilitative. *Logan v. People for Use of Alamosa Cnty.*, 138 Colo. 304, 307, 332 P.2d 897, 899 (1958). Because probation is an opportunity for an offender to avoid serving a harsher sentence, an offender must apply for it, and receipt of probation is characterized as a privilege, not a right. *Holdren v. People*, 168 Colo. 474, 478, 452 P.2d 28, 30 (1969). An offender also must choose to accept the court's terms; the court may not impose a sentence of probation without the offender's consent. *People v. Rollins*, 771 P.2d 32, 33–34 (Colo.App.1989). If the offender rejects probation, the court may sentence the offender to imprisonment under section 18–1.3–104.

■ ¶ 9 The court's general authority to grant an offender probation comes from section 18–1.3–202. As such, the court may impose any conditions on the offender's probation that are authorized by the statute. *People v. Brockelman*, 933 P.2d 1315, 1318 (Colo.1997). Under the statute, a court has broad discretion to impose whatever conditions it considers appropriate to ensure that the offender leads a law-abiding life: "[T]he court may grant the defendant probation for such period and upon such terms and conditions as it deems best." § 18–1.3–202; *Brockelman*, 933 P.2d at 1318–19. A condition will only be considered outside of the scope of the court's authority if it is not reasonably related to encouraging the offender to lead a law-abiding life. *Brockelman*, 933 P.2d at 1319.

■ ¶ 10 A court's broad discretion to impose conditions on the probation sentence that it deems suitable for encouraging rehabilitation includes the option to impose a jail sentence. For an offender convicted of a felony, the court may impose up to 90 days of jail time as a term of probation:

> In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines. The aggregate length of any such commitment whether continuous or at designated intervals shall not exceed ninety days for a felony....

§ 18–1.3–202. A short jail sentence is a justifiable condition of probation because it encourages the offender to be law-abiding by "impress[ing] upon the offender that the conduct underlying the offense of conviction is unlawful and could have resulted in a longer term of total confinement." *Sentencing to Total Confinement, ABA Standards of Criminal Justice* § 18–6.4(a)(iv) (3d ed. 1994). In this sense, jail as a condition of probation is used as a deterrent.

■ ¶ 11 In this case, the trial court did not exceed its authority under the probation statute by imposing a jail term of 90 days. The court was authorized to impose up to 90 days because the purpose of the jail term was to deter future illegal activity. *See Faulkner v. Dist. Court*, 826 P.2d 1277, 1280 (Colo.1992) ("[W]hen a court sentences a defendant to probation with a condition of jail time, the purpose is usually ... to deter future illegal activity...."). The trial court explained that, in its discretion, it thought that a jail term was a necessary condition of probation because it would impress upon Smith that it was not appropriate to bring a weapon to collect on a debt. Hence, the court was authorized to impose the 90–day jail sentence.

¶ 12 Having concluded that the trial court acted within its authority under the probation statute, we next consider if the court is nevertheless constrained by section 18–1.3–405 in applying credit for presentence confinement.

## B. Presentence Confinement Credit and Probation

¶ 13 Whether section 18–1.3–405 requires that PSCC be applied to a jail term imposed as a condition of probation is a question of statutory interpretation. In interpreting a statute, we first consider its plain language and construe words and phrases according to the rules of grammar and common usage. § 2–4–101, C.R.S. (2013); *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo.2010). When the language of a statute is clear, we apply the statute as written. *Specialty Rests. Corp. v. Nelson*, 231 P.3d 393, 397 (Colo. 2010). We do not add words to a statute. *Boulder Cnty. Bd. of Comm'rs v. HealthSouth Corp.*, 246 P.3d 948, 951 (Colo.2011).

¶ 14 The statute in question, section 18–1.3–405, directs the trial court to record the amount of a felony offender's presentence confinement on the mittimus and directs the department of corrections ("DOC") to deduct the period of confinement appearing on the mittimus from the offender's sentence:

> A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. The period of confinement shall be deducted from the sentence *by the department of corrections.*

(Emphasis added.) The language of section 18–1.3–405 makes it clear that when a court sentences an offender to DOC, the court's only role is to calculate the amount of presentence confinement. *Edwards v. Peo-*

*ple,* 196 P.3d 1138, 1144 (Colo.2008). The court has no discretion to grant or deny the offender PSCC when the offender is sentenced to the DOC; only the DOC deducts PSCC from the sentence. *Id.; Castro v. Dist. Court,* 656 P.2d 1283, 1284 (Colo.1982).

¶ 15 The key, however, is that section 18–1.3–405 applies only when an offender is sentenced to DOC (or to jail for a misdemeanor under section 18–1.3–509, C.R.S. (2013)[3]). It has no application to an offender, like Smith, who has been sentenced to probation under section 18–1.3–202. In other words, the requirement that an offender receive PSCC does not apply to probationary sentences, even when those probationary sentences include a jail component. As a result, an offender who is sentenced to county jail as a condition of probation has no right to be credited for presentence confinement under section 18–1.3–405. Whether to credit an offender for such presentence confinement is committed to the discretion of the trial court.

¶ 16 Importantly, we have never held that when exercising its discretion to award credit for presentence confinement, the trial court must award all or none of it. Imposing such a limit would also be contrary to the probation program's mandate that judges have broad discretion to fashion an appropriate probation sentence that will most effectively rehabilitate the offender. *See supra* Part II.A.

¶ 17 Finally, despite Smith's argument otherwise, this holding is consistent with our mandate in *People v. Johnson,* 797 P.2d 1296, 1299 (Colo.1990), that the court award full but not duplicative credit. In that case, the defendant, Johnson, pled guilty to a misdemeanor and a felony offense. The trial court sentenced Johnson to serve consecutive terms in county jail for the misdemeanor and also in DOC for the felony. When sentencing Johnson, the trial court credited his presentence confinement time against his sentence to county jail. *Id.* at 1297. We affirmed the trial court's decision and held

---

3. After our decision in *Castro,* the General Assembly enacted section 18–1.3–509, which provides that misdemeanor offenders who have been confined prior to sentencing are entitled to PSCC against a county jail sentence. *See* 2007 Colo. Sess. Laws 557–58.

that because there was a sentence to DOC, the statute required that the offender receive full PSCC. *Id.* at 1299. Additionally, we held that the court had discretion to award the PSCC against the county jail sentence and that the offender was not also entitled to receive credit against his sentence to DOC. *Id.* Hence, that decision only requires that if sentenced to DOC, the offender receive full PSCC. The decision does not compel the conclusion that if a court awards PSCC against a county jail sentence imposed as a condition of probation, that court must award credit equal to the full amount of presentence confinement.

¶ 18 In sum, section 18–1.3–405 does not require the trial court to give Smith credit for 89 days against the jail term imposed as a condition of probation because that is a sentence to probation. However, if a court were to revoke Smith's probation and resentence him to DOC, the statute and our precedent would require that any PSCC remaining be applied against his sentence to DOC so that he receives full PSCC.[4]

### III. Conclusion

¶ 19 We hold that when sentencing an offender to probation, the trial court has discretion to award less than the full amount of presentence confinement against a jail sentence imposed as a condition of probation. We therefore reverse the judgment of the court of appeals and remand for proceedings consistent with this opinion.

JUSTICE HOOD concurs in the judgment.

JUSTICE HOOD, concurring in the judgment.

¶ 20 I agree with the majority that the trial court has discretion to award Smith any or all of his presentence confinement credit (PSCC). I concur in the judgment because the statutes governing PSCC and our prece-

dent afford that measure of discretion here. But I do not agree with the majority that the General Assembly intended the PSCC statutes and the probation statutes to operate in wholly distinct spheres. I would require a more explicit pronouncement from the General Assembly on this point. The result in this case, though constitutional, strikes me as possibly the product of legislative oversight. That is, people like Smith sentenced to a county jail term as a condition of felony probation fall within a legislative gap that may have been unintentional. I write separately to explain why.

¶ 21 Section 18–1.3–405, C.R.S. (2013), directs the trial court, at the time of sentencing, to make a finding of the amount of PSCC to which an offender is entitled. It then directs the "department of corrections" to deduct that period of confinement from the offender's sentence. *Id.* In *Castro*, we reasoned that the statute's reference to the department of corrections means that credit for presentence confinement is mandated in only one instance: "when the sentence is to be served in a state correctional facility." *Castro v. Dist. Court*, 656 P.2d 1283, 1284 (Colo.1982). Because the defendant in *Castro* was convicted of a misdemeanor and sentenced to county jail, which is not a state correctional facility, we held that the trial court had the discretion to deny him PSCC. *Id.*

¶ 22 To correct this inconsistency, the General Assembly enacted HB 07–1315 in 2007, codified as section 18–1.3–509, C.R.S. (2013). That statute mandates that misdemeanor offenders receive credit for presentence confinement in county jail. *Id.* This is because, consistent with *Castro*, this statute directs the "county jail," not the department of corrections, to deduct that period of confinement from the offender's sentence. *Id.*

¶ 23 Neither statute helps Smith. Following his felony conviction, the trial court sen-

---

4. We also reject Smith's argument that our holding today violates his equal protection rights. Because probation is an alternative sentence to which the defendant may (or may not) consent, the offender remains subject to the same minimum and maximum statutory sentences, and thus, equal protection is satisfied. *See, e.g., People v. Garberding*, 787 P.2d 154, 157 (Colo.1990)

("Equal protection requires only that the minimum and maximum sentences imposed by the statute—not the judge—are the same for all persons charged with the same or similar offenses; the individual treatment of each defendant within the limits of the sentence provided is within the sentencing court's discretion.").

tenced him to probation and, as a condition of probation, to a county jail term. Under these circumstances, section 18–1.3–405 is inapplicable because Smith was sentenced to county jail, not to a state correctional facility. And section 18–1.3–509 is also inapplicable because Smith was convicted of a felony, not a misdemeanor. Because Smith falls outside the purview of either statute, I agree with the majority's conclusion that the trial court has the discretion to credit him for any or all (or none) of his presentence confinement time.

¶ 24 In my view, a plain reading of the statutes compels this conclusion, but I nevertheless read section 18–1.3–509 as an effort to correct the inconsistency created by section 18–1.3–405's "department of corrections" language and to address the equal protection concerns stemming from our interpretation of that language in *Castro*. In that case, Justice Quinn argued in dissent that the majority's construction could result in impermissible "discrimination based on wealth." *Castro*, 656 P.2d at 1285 (Quinn, J., dissenting). Even if it did not, he also argued that a classification based on whether the offender was sentenced to a state correctional facility or to a county jail was irrational and thus could not survive rational basis review. *Id.*

¶ 25 This problem persists. Many defendants remain in custody before trial or disposition of their cases because they cannot post even very low bonds. Although there are cases where other variables push the bond out of reach, and this may well be one of them because it involved the use of a deadly weapon, defendants who pose little risk to the community and little risk of flight sometimes languish in jail simply because they are poor.

¶ 26 Despite being troubled by these concerns, I agree with the majority that there is no equal protection violation here. Still, section 18–1.3–509 seems intended to put any equal protection concerns to rest and to ensure, together with section 18–1.3–405, that all offenders receive PSCC in a consistent, uniform way. That Smith does not receive all of his credit seems potentially contrary to that overarching intent.

¶ 27 The People disagree. They argue that the General Assembly intended for trial courts to have discretion to award probationers, like Smith, any or all of their PSCC. For this argument, the People point to section 18–1.3–202(1), C.R.S. (2013), which gives the trial court discretion to sentence an offender to probation "upon such terms and conditions as it deems best." It may, for example, "commit the defendant to any jail" for an "aggregate" period that cannot exceed ninety days for a felony. *Id.* The People characterize this provision, and the probation statutes in which it is found, as "wholly separate and distinct" from the presentence confinement statutes. In support of their characterization, the People note that the probation statutes do not reference the presentence confinement statutes in any way—silence they deem dispositive as "purposeful inaction."

¶ 28 The majority adopts this argument, and I admit that it has an appealing simplicity. It provides the practical advantage of curing the inconsistencies outlined above, and it also lessens whatever equal protection concerns may arise because the statutory classification turns on an offender's probationary status—a classification that is rational in light of the rehabilitative purposes of probation. *See* § 18–1.3–204(1), C.R.S. (2013); *People v. Guatney*, 214 P.3d 1049, 1052 (Colo. 2009).

¶ 29 But what the majority does, in my view, is infer legislative intent when we have "at most legislative silence on the crucial statutory language"—that is, the probation statutes. *See Martin v. People*, 27 P.3d 846, 863 (Colo.2001) (quoting *United States v. Wells*, 519 U.S. 482, 495–96, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997)). I am wary of doing so, especially given that the PSCC statute at issue here states that it applies whenever a person "is confined for an offense prior to the imposition of sentence for said offense." § 18–1.3–405; *see also* § 18–1.3–104(1)(a), C.R.S. (2013) (defendant may be sentenced to probation "subject to" the provisions of Title 18, which includes the PSCC statutes). And we have given the term "sentence" a broad interpretation that arguably includes a sentence to probation. *See Edwards v. People*, 196 P.3d 1138, 1143 (Colo.2008) (noting that

we have relied on Black's Law Dictionary for the notion that a "sentence" is "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer"). If section 18–1.3–509's enactment constitutes "purposeful inaction" designed "to insulate the court's broad probationary power from the limiting effects of the PSCC statutes," as the People claim, then it would be wise to have a more explicit pronouncement from the General Assembly to that effect before holding as much. Likewise, if the legislature intends for someone like Smith to be entitled to full, mandatory PSCC, our elected representatives need to tell us so.

¶ 30 For these reasons, and with respect, I concur in the judgment.