Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
March 6, 2017

**2017 CO 19**

**No. 14SC1021, <u>Veith v. People</u>—Probation—Sentencing.**

In this case, the supreme court considers whether a defendant has consented to a probationary sentence imposed in addition to a sentence of incarceration when the defendant requested probation in lieu of incarceration. The court holds that a trial court cannot impose a sentence of probation without the defendant's consent. The court concludes that, in this case, the trial court exceeded the scope of Veith's consent when it imposed a ten-year prison sentence in addition to the probationary sentence. Accordingly, the supreme court reverses the judgment of the court of appeals.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

### 2017 CO 19

---

**Supreme Court Case No. 14SC1021**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA956

---

**Petitioner:**

Austin Slattery Veith,

v.

**Respondent:**

The People of the State of Colorado.

---

**Judgment Reversed
and Case Remanded with Directions**
*en banc*
March 6, 2017

---

**Attorneys for Petitioner:**
Johnson, Brennan & Klein, PLLC
Eric K. Klein
  *Boulder, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
Jillian J. Price, Assistant Attorney General
  *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1 This case requires us to determine what constitutes "consent" by a defendant in the context of probation.[1] Specifically, we must decide if a defendant consented to the probationary portion of his sentence when he requested probation in lieu of incarceration, but instead received a ten-year prison sentence in addition to the probationary sentence he requested.

¶2 Petitioner Austin Slattery Veith pleaded guilty to theft and securities fraud. He asked the trial court to sentence him to probation instead of a term of incarceration. The trial court rejected his request for probation with no incarceration and sentenced Veith to ten years of incarceration on the theft count, and twenty-five years of probation on the securities fraud count. Veith did not object when the judge announced his sentence. But, he did not sign the probation order acknowledging and accepting the terms and conditions of his sentence of probation. Instead, he filed a motion to correct his sentence pursuant to Crim. P. 35(a), arguing that the probationary portion of his sentence must be vacated because he did not consent to it.

¶3 The trial court denied the motion, and Veith appealed. The court of appeals affirmed in part and reversed in part, concluding that Veith had consented to the terms and conditions of the sentence of probation by requesting probation prior to the hearing, but that his consent did not include certain terms of probation added by the court. As a result, the court of appeals remanded the case to the trial court to remove

[1] We granted certiorari to review the following issue: "Whether the court of appeals erred in upholding the district court's sentence to overlapping terms of parole and probation, especially where the petitioner declined to sign the probation order upon learning of his mixed sentence."

the terms of probation from his sentence that Veith had not requested before sentencing. It did not order any modification of the prison sentence. We granted certiorari to determine the legality of Veith's sentence of probation. We now reverse the judgment of the court of appeals.

¶4 We hold that a trial court cannot impose a sentence of probation without the defendant's consent. In this case, Veith consented to probation in lieu of incarceration; therefore, the trial court exceeded the scope of Veith's consent when it imposed a ten-year sentence of incarceration[2] in addition to probation.[3] Hence, the trial court lacked authority to impose the sentence of probation. Accordingly, we vacate Veith's sentence in its entirety, reverse the judgment of the court of appeals, and remand the case to that court to return the case to the trial court for resentencing consistent with Veith's plea agreement.

## I. Facts and Procedural History

¶5 Veith stole a substantial sum of money from the company he worked for as Chief Executive Officer. The People charged Veith with one count of theft and twenty-five counts of securities fraud. Veith pleaded guilty to one count of theft (count one) and

---

[2] We use the word "incarceration" in the general sense, not specifically referring to a sentence with the Department of Corrections, because our holding would equally apply to a sentence of incarceration in jail. However, this issue is distinct from when a trial court properly advises a defendant that a term of work release or jail up to ninety days may be imposed as a condition of probation pursuant to sections 18-1.3-207 and 18-1.3-202, C.R.S. (2016), respectively.

[3] Because we conclude that Veith did not consent to the sentence of probation in its entirety, we need not address the court of appeals' holding that Veith did not consent to the three additional terms of probation that the trial court added.

one count of securities fraud (count two), and the court dismissed the remaining counts.[4] Pursuant to the plea agreement, the trial court had the discretion to sentence Veith to prison or probation, but any prison sentence was capped at twelve years. Because Veith had previously pleaded guilty to felony theft in an earlier case and had received a deferred judgment, the plea agreement also required him to admit that he had violated that deferred judgment, and that case was closed without further penalty.[5]

¶6    Before the sentencing hearing, Veith filed a sentencing memorandum with the court requesting that the judge sentence him to probation without any incarceration. He attached a document outlining twenty-five specific terms and conditions of probation for economic crimes and noted in his memorandum that those terms would provide him with intense supervision. The People requested a ten- to twelve-year sentence in the custody of the Department of Corrections.

¶7    After conducting a sentencing hearing, the trial court judge sentenced Veith to (1) ten years in the custody of the Department of Corrections plus five years of parole for count one, and (2) twenty-five years of supervised probation on count two to

---

[4] Veith was sentenced to make a full payment of restitution in the amount of $1,088,481.94. In his plea agreement, Veith waived his right to a restitution hearing and agreed to be bound by the amount that the District Attorney submitted to the court. He argued in his sentencing memorandum that being placed on probation instead of being incarcerated would allow him to earn money and pay restitution.

[5] Veith had been violating the terms of his deferred judgment by performing his duties as Chief Executive Officer. Those terms "restricted him from having access to or using the personal financial information of others," and provided that "he was not allowed to engage in any business transactions without the permission of his Probation Officer."

commence immediately and run "concurrent with parole."[6]  The terms and conditions of the court's probationary sentence included the same twenty-five terms and conditions that Veith had submitted with his sentencing memorandum,[7] along with the following three additional terms: (1) that Veith not be employed in any capacity that allowed him access to a company's or client's credit cards or checking accounts; (2) that he not be allowed to solicit investors or act as a Chief Executive Officer or Chief Financial Officer of any company; and (3) that he not be allowed to subscribe to any internet service provider.[8]

¶8    At the sentencing hearing, the judge imposed Veith's sentence and then asked defense counsel if there was "anything further."  Veith's counsel responded by asking the court to transfer Veith's probation supervision to Iowa.  The judge told Veith's counsel that he would consider a transfer when Veith was on probation.  Defense

---

[6] The minute order documenting the court's sentence states that probation was to run "from today" and also that "probation runs concurrent with parole."  Neither party challenges this inconsistency in the order; thus, that issue is not before us.  Further, because we vacate Veith's sentence of probation, we do not reach the question of whether a trial court may sentence a defendant to overlapping terms of parole, prison, or probation.

[7] The terms prohibited Veith from engaging in activities such as acquiring new debt or financial obligations, investing or lending money, entering into financial contracts, opening checking or savings accounts, purchasing or leasing a vehicle, entering into real estate transactions, managing a business, and creating a new business.  The terms also required him to disclose extensive financial and employment information.

[8] The trial court also mentioned a fourth additional term—that Veith not have any contact with the victims of his crimes—but that term was not included in the court's written order.  The court of appeals did not address this term.

counsel did not say anything further. The judge then remanded Veith into custody to begin serving the Department of Corrections portion of his sentence.

¶9 The record does not reveal precisely what happened after the sentencing hearing. It is undisputed, however, that Veith did not sign the form acknowledging and accepting the terms and conditions of the probationary sentence. The next event in the record is Veith's filing of a Crim. P. 35(a) motion to vacate his sentence. He argued in that motion that the court lacked the authority to impose the sentence of probation because he had not agreed to the terms and conditions imposed by the court. The trial court denied his motion.[9]

¶10 Veith appealed and the court of appeals affirmed in part and reversed in part. People v. Veith, No. 13CA956, slip op. at 1 (Colo. App. Oct. 30, 2014). The division concluded that Veith had consented to probation by requesting it, and that he had consented to the twenty-five specific terms and conditions of probation that he had attached to his sentencing memorandum. Id. at 4–6, 9. However, the division further concluded that Veith had not agreed to the three additional terms of probation that the trial court added. Id. at 10. The court of appeals accordingly remanded the case to the trial court for modification of Veith's sentence by deleting the conditions of probation that the trial court had added. Id. at 15.

---

[9] Veith also argued that the trial court had improperly denied his request for forty-five days of presentence confinement credit, which is not at issue here.

¶11 We granted certiorari to determine the validity of Veith's probationary sentence. We conclude that the probationary sentence is invalid because it exceeds the scope of Veith's consent.

## II. Standard of Review

¶12 We review the legality of a defendant's sentence de novo. Misenhelter v. People, 234 P.3d 657, 660 (Colo. 2010).

## III. Analysis

¶13 To determine whether Veith's probationary sentence is valid, we must decide whether he consented to probation. We conclude that the sentence that the trial court imposed exceeded the scope of Veith's consent to probation; therefore, Veith did not consent and his probationary sentence is not valid.

¶14 To reach this conclusion, we begin by reviewing the law applicable to probationary sentences. Assuming that a defendant is eligible for probation, a trial court has discretion to sentence him to probation if it will best serve the interests of justice, the public, and the defendant. § 18-1.3-202, C.R.S. (2016). Because probation is an opportunity for a defendant to avoid serving the harsher sentence of incarceration, a defendant must apply for it, and the receipt of probation is a privilege, not a right. People v. Smith, 2014 CO 10, ¶ 8, 318 P.3d 472, 475 (citing Holdren v. People, 452 P.2d 28, 30 (Colo. 1969)). A trial court may not impose a sentence of probation without the defendant's consent, and the defendant must "choose to accept the court's terms" and conditions of probation. Id. (analyzing the trial court's discretion in awarding presentence confinement credit on a jail sentence imposed as a condition of probation);

People v. Rollins, 771 P.2d 32, 34 (Colo. App. 1989) (holding that without the defendant's consent, the trial court had no power to impose a sentence of probation). If the defendant "rejects probation," the court may instead sentence him to incarceration under section 18-1.3-104, C.R.S. (2016). Smith, ¶ 8, 318 P.3d at 475.

¶15    Resolution of the issue before us requires us to determine what constitutes consent. The applicable probationary statutes, sections 18-1.3-201 through -203, do not define "consent," and we have not yet defined the term in this context. When a word is not defined by statute, we construe it in accordance with its ordinary meaning. Taniguchi v. Kan Pac. Saipan, Ltd., 132 S. Ct. 1997, 2002 (2012); Smith v. United States, 508 U.S. 223, 228 (1993). To do so, we consult definitions in recognized dictionaries. See Smith, 508 U.S. at 228–29 (consulting dictionaries to determine the ordinary meaning of "use").

¶16    Black's Law Dictionary defines consent as "[a] voluntary yielding to what another proposes or desires; agreement, approval, or permission regarding some act or purpose, . . . given voluntarily by a competent person; legally effective assent." Consent, Black's Law Dictionary (10th ed. 2014). This definition comports with the ordinary understanding of consent. Therefore, in this context consent means to voluntarily agree regarding some act or purpose. As such, our inquiry hinges on

8

whether Veith voluntarily agreed to probation when the court also imposed a prison sentence.[10]

¶17 Typically, consent to probation is not an issue, as a probationary sentence is generally viewed as a more lenient sentencing alternative to a prison sentence. See Holdren, 452 P.2d at 30 (noting that probation conditionally suspends what might be a harsher judgment). It follows that a sentence to probation is normally requested and preferred by a defendant. However, probationary sentences can include conditions that require hard work to satisfy. As a result, it is not in anyone's interest—the court's, defendant's, or probation officer's—to place an unwilling defendant on probation. If a defendant rejects probation, however, the court retains the authority to impose a sentence of incarceration as allowed by the applicable sentencing statute or plea agreement. See Smith, ¶ 8, 318 P.3d at 475.

¶18 As is usual, the trial court here informed Veith of his sentence at the end of the sentencing hearing. Although defense counsel asked if Veith's probation supervision could take place in Iowa, neither Veith nor his counsel otherwise commented on the court's sentence of probation or accepted its terms at the hearing. Although the record does not reveal precisely what occurred after the sentencing hearing, it is clear that Veith did not sign the probation order that provided the specific terms and conditions of the probationary sentence.

---

[10] We do not mean to say that the process of being sentenced to probation is a negotiation between the defendant and the court. While the defendant must voluntarily accept the court's probationary sentence for the court to impose it, he has no power to bargain with the court as to what that sentence will be.

¶19 Veith received a sentence of ten years of incarceration, just two years less than the twelve-year cap in his plea agreement, in addition to twenty-five years of probation. By imposing incarceration in addition to probation, the court materially changed the sentence Veith had requested and thus exceeded the scope of his consent to probation. In other words, Veith consented only to probation—he did not consent to probation plus prison. Apparently, he considered the prospect of receiving two additional years of incarceration to be more palatable than the twenty-five years he would have to serve on probation. Because Veith did not consent to the ultimate probationary sentence at any time, the court lacked the power to impose that sentence. See Rollins, 771 P.2d at 34; People v. Martinez, 844 P.2d 1203, 1206 (Colo. App. 1992).

¶20 We are not persuaded to the contrary by the People's argument that Veith's failure to object to his sentence at the sentencing hearing "demonstrated his acquiescence" and thus constituted consent to the ultimate probationary sentence. To be sure, consent can be communicated in different ways. For example, had the court here solely imposed probation with the terms Veith requested in the sentencing memorandum that he filed prior to sentencing, his request may have constituted consent. On the other hand, when the probationary sentence ultimately imposed is significantly different from what was requested, a failure to immediately reject probation cannot be construed as consent. In such circumstances, the defendant may be taken by surprise, or may be otherwise unprepared to respond to the new terms, and there can be no assurance that the defendant has affirmatively indicated his voluntary agreement to the sentence by his silence. A commitment to serve twenty-five years of

10

probation with extensive conditions in addition to prison warrants reflection. In fact, the People cite no law, and we have found none, holding that failing to object to the terms of probation immediately after being orally informed of his sentence constitutes a defendant's acceptance thereof.

¶21 Because Veith's probationary sentence is invalid, his sentence must be corrected. The appropriate remedy is to vacate Veith's entire sentence and remand for resentencing on both counts consistent with his plea agreement. See Delgado v. People, 105 P.3d 634, 637 (Colo. 2005) (holding that unless all components of a sentence fully comply with the sentencing statutes, the sentence is illegal).

## IV. Conclusion

¶22 For the foregoing reasons, we hold that a trial court cannot impose a sentence to probation without the defendant's consent to the terms and conditions of the probationary sentence. In this case, Veith consented to probation only in lieu of incarceration; therefore, the trial court exceeded the scope of Veith's consent when it imposed a sentence of ten years of incarceration in addition to probation. Thus, the trial court lacked authority to impose this sentence. Accordingly, we vacate Veith's sentence in its entirety, reverse the judgment of the court of appeals, and remand the case to that court to return the case to the trial court for resentencing consistent with Veith's plea agreement.