24CA1545 Peo v Gettings 07-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1545
Boulder County District Court No. 98CR2283
Honorable Nancy W. Salomone, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James Thomas Gettings,

Defendant-Appellant.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE SCHOCK
Dunn and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

---

Philip J. Weiser, Attorney General, Jillian J. Price, Deputy Attorney General, Denver, Colorado, for Plaintiff-Appellee

James Thomas Gettings, Pro Se

¶ 1    Defendant, James Thomas Gettings, appeals the district court's order denying his request for application of presentence confinement credit (PSCC) to his sentence.  We affirm the denial of the motion to the extent it sought an order *applying* the PSCC, but we remand the case to the district court for correction of the mittimus to reflect the 192 days of PSCC granted at sentencing.

I.    Background

¶ 2    In 1999, Gettings pleaded guilty to attempted first degree sexual assault, second degree assault, third degree assault, and two crime of violence sentence enhancers.  He was sentenced to twenty-four years in the custody of the Department of Corrections (DOC) for attempted first degree sexual assault, a consecutive sixteen years in DOC custody for second degree assault, and a consecutive two years in jail for third degree assault.  At sentencing, the district court found that Gettings was entitled to 192 days of PSCC, but that finding was not included in the mittimus.

¶ 3    In 2017, Gettings filed a motion to amend his sentence to make his jail sentence concurrent with, rather than consecutive to, his prison sentence.  The district court denied the motion.

¶ 4 In April 2024, Gettings was released from the DOC and transferred to the county jail to serve his two-year jail sentence.

¶ 5 In July 2024, Gettings sent a letter to the district court requesting that the 192 days of PSCC be "applied" to his two-year jail sentence. He explained that the sheriff's office "time comp" had not granted him any PSCC because it had not received an order for PSCC — despite the court's oral order at sentencing (which he attached to his letter). Gettings asserted that if he was "forced to serve the full two years in county jail," it would violate double jeopardy. He asked the court to issue a mandamus to the sheriff's office, requiring it to apply 192 days of PSCC to his sentence.

¶ 6 The district court denied Gettings's request, reasoning that it was "previously briefed and ruled upon" in Gettings's 2017 motion.

## II. Presentence Confinement Credit

¶ 7 Gettings contends that the district court erred by denying his request to apply the previously ordered 192 days of PSCC to his sentence.[1] Without directly addressing the district court's order,

---

[1] For the first time on appeal, Gettings requests 196 days of PSCC (the 192 days previously found "plus the [four] days it took to transfer" him). We do not consider issues not raised before the district court. *See People v. Cali*, 2020 CO 20, ¶ 34.

the People acknowledge that the mittimus should be corrected to reflect the 192 days of PSCC ordered at sentencing. We agree.

### A. Applicable Law and Standard of Review

¶ 8 A defendant who is confined for an offense before the sentence is imposed is entitled to credit against the sentence for the period of such confinement. § 18-1.3-405, C.R.S. 2024. At sentencing, the court must make a finding as to the amount of PSCC to which the defendant is entitled and include that finding in the mittimus. *Id.*

¶ 9 The district court's sole role with respect to PSCC is to *calculate* the amount of PSCC and enter that amount on the mittimus. *People v. Smith*, 2014 CO 10, ¶ 14; *People v. Pimble*, 2015 COA 112, ¶ 7. "[I]t is the *DOC*, not the [district] court, which applies PSCC calculated by the court to the defendant's sentence." *Edwards v. People*, 196 P.3d 1138, 1144 (Colo. 2008); *see also Smith*, ¶ 14 ("[O]nly the DOC deducts PSCC from the sentence.").

¶ 10 We review de novo whether the mittimus accurately reflects the sentence imposed at the sentencing hearing. *People v. Mendenhall*, 2015 COA 107M, ¶ 84. If it does not, we must remand the case to correct the mittimus to reflect the court's ruling. *Id.*

¶ 11     We also review de novo the denial of a postconviction motion without a hearing.  *See People v. Cali*, 2020 CO 20, ¶ 14.

                              B.     Analysis

¶ 12     We agree with Gettings that the district court incorrectly denied his request on the ground that it was the same request he made in his 2017 motion.  In the 2017 motion, Gettings requested to serve his jail sentence concurrently with his prison sentence. The 2024 letter raised the entirely different issue of Gettings's entitlement to PSCC, which had not been previously addressed.

¶ 13     Nevertheless, to the extent Gettings asked the district court to *apply* the PSCC that had been ordered at sentencing, it had no authority to do so.  The court's "only role is to calculate the amount of [PSCC]."  *Smith*, ¶ 14.  The DOC is then responsible for deducting the PSCC from the sentence.  § 18-1.3-405; *Edwards*, 196 P.3d at 1144.  Thus, although the district court's rationale for denying Gettings's request was incorrect, we affirm that denial on other grounds.  *See People v. Manyik*, 2016 COA 42, ¶ 69 ("We may affirm the court's ruling on any ground supported by the record, even if that ground was not articulated or considered by the court.").

¶ 14    But, as the People acknowledge, the mittimus needs to be corrected because it does not comport with the district court's oral finding regarding PSCC. Although the court found that Gettings was entitled to 192 days of PSCC, it did not "include such finding in the mittimus." § 18-1.3-405. We therefore remand the case for correction of the mittimus to reflect 192 days of PSCC. *See Mendenhall*, ¶ 84 ("If the language of the mittimus is inconsistent with the sentencing court's oral ruling, it is proper to remand the case to correct the mittimus to reflect the court's ruling.").[2]

### III.    Disposition

¶ 15    The order is affirmed, and the case is remanded for correction of the mittimus to reflect 192 days of PSCC.

JUDGE DUNN and JUDGE BROWN concur.

---

[2] For the first time in his reply brief, Gettings asserts that he is *currently* being punished twice for the same offense because he has now served "more than six additional months of illegal incarceration." We do not address arguments made for the first time in a reply brief. *See People v. Owens*, 2024 CO 10, ¶ 90. Moreover, to the extent this argument goes beyond Gettings's request for PSCC and is based on facts not in the record, it is beyond the scope of this appeal. *See People v. Washington*, 2014 COA 41, ¶ 16 ("[O]ur review is limited to the record on appeal . . . .").